[No. 22208. *En Banc.* June 10, 1930.]

W. A. ETEL, *Respondent,* v. S. W. GRUBB *et al.,*
*Appellants.*[1]

*Bonsted & Nichoson,* for appellants.
*James O. Cull* and *Sydney Livesey,* for respondent.

BEALS, J.—Defendants are the owners of an orchard in Yakima county, and, during the fall of 1928, plaintiff was employed by them as a fruit picker. Early in October, plaintiff, then being engaged in picking apples from trees running from twelve to over twenty feet in height, required a ladder to enable him to reach the apples on the higher branches of the tree from which

[1]Reported in 288 Pac. 931.

he was then picking. There being a group of four stepladders, the property of defendants, standing nearby, where they had been placed, presumably for use by the fruit pickers, plaintiff selected a ladder about ten feet in height and, placing the same in an appropriate position underneath his tree, ascended the same. Plaintiff reached the top of the ladder and stood upon the platform thereon, but when he had picked only two or three apples, the ladder swayed and fell, throwing plaintiff to the ground, causing severe injuries to his left arm, for which injuries he seeks redress in this action.

Upon the trial of the cause to the court, sitting without a jury, judgment was rendered in plaintiff's favor for the sum of $2,700, from which judgment defendants appeal.

Appellants assign error upon the making by the trial court of findings of fact in respondent's favor, upon the signing of conclusions of law based thereon, and upon the entry of judgment against appellants in accordance therewith. Appellants also contend that the trial court erred in refusing to sign findings of fact, conclusions of law and judgment in their favor, in ruling against them upon certain questions which arose upon the admission of evidence, and in denying appellants' motion for a new trial.

Appellants contend, first, that the ladder used by respondent was a simple tool furnished respondent for use in the work upon which he was engaged, and that respondent assumed any risk incident to the use of the ladder, and that he was chargeable equally with appellants with knowledge of any defects therein; and, second, that respondent was guilty of contributory negligence which in law bars any recovery on his part against appellants.

It appears from the testimony that, during the

morning of October 2, respondent had used a ladder six feet in length, but that, later in the day, desiring to pick apples which he could not reach from a ladder of that length, he selected another ladder which he placed under the tree upon which he was working and ascended preparatory to a continuation of his work. Respondent testified that the ladder which he chose was one of four which were standing in a group a few feet distant from where he was working; that the ladder was apparently in normal condition, but that, when he reached the top thereof, the ladder began to "shimmy" and that, almost immediately thereafter, the tongue of the ladder gave way to the right; that the ladder swayed and fell, throwing respondent to the ground, where he fell upon an apple box, striking upon his left elbow and other portions of his left arm.

The ladder upon which respondent climbed had two sides or stiles supporting ten cross pieces or steps attached to the stiles by bolts. The back stay of the ladder consisted of a single brace or tongue attached to the top of the ladder by means of an iron bar bolted into the tongue and attached to the sides of the ladder by galvanized iron plates and by bolts held in place by nuts, allowing the tongue to move backward and forward, but holding the same firmly, so that, when the tongue should be braced against the ground, the ladder would stand firmly and support the weight of a fruit picker.

Respondent testified that, after he fell, he examined the ladder and discovered that the nut holding the brace or tongue was, on the left side, quite loose, and that one of the pieces of galvanized iron, acting as a brace, was spread about a finger's length, thus rendering the tongue loose and allowing the same a considerable amount of play, a condition which might well have caused the ladder to "shimmy" or sway and swing out

of balance, with the result that anyone standing thereon would be thrown to the ground.

Appellants argue that such a ladder as that with which we are concerned here, which it appears was of standard type such as was in common use in the fruit orchards of the Yakima valley, was a common appliance, so simple in its nature that its condition, if otherwise than normal, must be understood by persons of ordinary intelligence using the same in the course of such work as fruit picking, and that such a ladder falls within that class of instrumentalities which courts have held to be simple tools in the use of which an employee assumes the risk of such an accident as that suffered by respondent.

It is undoubtedly the law that an experienced adult employee in possession of his ordinary faculties assumes the usual and ordinary risk incident to the use of a simple tool or other instrumentality which is in his exclusive control, in cases where the employee suffers injury from such tool or appliance. *Cole v. Spokane Gas & Fuel Co.*, 66 Wash. 393, 119 Pac. 831; *Bougas v. Eschbach-Bruce Co.*, 77 Wash. 347, 137 Pac. 472. Other authorities are referred to in 39 C. J. 762. Appellants cite cases from other jurisdictions in which this rule has been held to apply to ladders and recoveries denied, because of the application of this doctrine, to persons who had suffered injuries. For example, in the case of *Cahill. v. Hilton*, 106 N. Y. 512, 13 N. E. 339, the court of appeals of New York says:

"A ladder, like a spade or hoe, is an implement of simple structure, presenting no complicated question of power, motion, or construction, and intelligible in all of its parts to the dullest intellect. No reason can be perceived why the plaintiff, brought into daily contact with the tools used by him, as he was, should not be held chargeable, equally with the defendants, with knowledge of their imperfections."

In the case last cited, the ladder used by the employee was about twelve feet in length and, as stated by the court, was fastened by hook to a scantling near the ceiling. The workman ascended the ladder and attempted to shift a belt upon a shaft, for the purpose of relacing the same. He did this without having the machinery stopped, which was manifestly, on his part, the assumption of an unnecessary risk. The court was of the opinion that the ladder was not instrumental in producing the injury, and concluded that, as there was no direct evidence as to the cause of the accident, a judgment in favor of the employee, based upon the theory that the ladder, by reason of its defective construction, broke and threw him upon a belt, resulting in his injury, should be reversed and a new trial ordered. It is true that some of the language used by the court appears to support appellant's contention, but, the type of ladder which the court was discussing being entirely different from that used by respondent in the case at bar, we deem the language used by the New York court inapplicable to the situation now before us.

The supreme court of New Jersey, in the case of *Henggler v. Cohn,* 68 N. J. Law 240, 52 Atl. 280, held that a stepladder consisting of two parts hinged together must be held to be a simple tool, and that the employer was not responsible for an injury suffered by the servant caused by the breaking of a defective hinge connecting the two parts of the ladder, the court holding that the defect, if obvious, could have been seen by the servant and, if not obvious, could not have been discovered upon inspection by the master.

Other authorities are also cited by appellants, all of which we have examined and find either so different on the facts as to lack point here or such as we are not inclined to consider authoritative.

On the other hand, respondent cites the case of *Goebel v. St. Louis-San Francisco R. Co.*, 241 S. W. (Mo.) 665, in which the court held that an eight-foot ladder with a movable brace was not such an instrumentality as fell within the "common tool" doctrine.

In the case of *Pacific Tel. & Tel. Co. v. Starr*, 206 Fed. 157, 46 L. R. A. (N. S.) 1123, the circuit court of appeals says:

"The workman assumes those risks of danger which are ordinarily incident to the work in which he is engaged, and those which are open and obvious to the senses, and which are known to him, if he continues in the occupation. He assumes none that may arise from latent defects in appliances not apparent from casual observation, which appliances it is the duty of the master to furnish, and to exercise reasonable care with reference to their selection."

Applying this doctrine to the facts of the case at bar, we are of the opinion that such a ladder as was used by respondent, and from which he fell, is not a simple or common tool within the rule for which appellants contend. Such a ladder cannot be compared with an ordinary ladder which is braced against some fixed object, but is rather, due to its height and mechanical construction, an instrumentality of too complicated a nature to be classed as a simple tool.

It is evident that, if the tongue or brace of the ladder from which respondent fell was, when respondent placed the same in position, loose and insecurely attached to the top, that condition, in the ordinary course of events, would not have been apparent to respondent or called to his attention. That portion of the ladder was several feet above the level of his eyes, and unless respondent deliberately examined the entire ladder, he would be unlikely to notice the condition of the portion of the apparatus which held the tongue in place. The fact that the tongue was loose might or might not have

become evident to respondent as he braced the same against the ground, and, while it is true that, as he mounted the ladder, his eyes, at one period of his ascent, would be on a level with the top of the ladder, he cannot be chargeable in law with the duty, at that instant of time, of examining the device which held the tongue in place for the purpose of ascertaining that the same was in good condition and holding the tongue firmly in position. We find no case in which such an instrumentality as a ladder of this description has been held to be a simple tool, and we hold that the rule governing the use of such common appliances, which rule appellants seek to invoke in their favor, is inapplicable to the facts of this case.

A witness who was working with respondent at the time the respondent was hurt testified that he saw the ladder "shimmy," or move back and forth, and saw respondent fall. The witness then picked up the ladder and noticed that the left hand bolt was very loose, and that the iron holding plate was spread apart.

This testimony, together with that of respondent, is sufficient to support the judgment in respondent's favor, unless we must find, as contended by appellants, that the evidence shows that respondent was guilty of such contributory negligence as bars his recovery.

On this phase of the case, appellant contends that as respondent himself selected the ladder from a group of four which were standing about twelve feet from the tree on which he was working, and as he admits that he did not inspect or carefully examine the same, he cannot recover, as it is clear that if the bolt was at that time loose an examination of that portion of the ladder would have disclosed the defect.

In the case of *Arneson v. Grant Smith & Co.*, 120 Wash. 98, 206 Pac. 960, this court approved an instruction which the court gave to the jury, as follows:

318

" 'I instruct you that while an employee assumes all the dangers inherent in the work, and that are ordinarily incident thereto, yet he does not assume the risk of his employer's negligence. The risks assumed by the servant are those, and those only that are obvious if the master has discharged the duty imposed upon him by law of using ordinary care and prudence in providing the servant with reasonably safe appliances with which to labor. The servant only assumes such risks as are incident to his job after his employer has fulfilled the primary duty of using reasonable care to furnish proper working appliances.' "

In our opinion, such a defect as that which respondent contends existed in the ladder was not a defect of such an obvious nature that respondent must be chargeable with notice of its condition.

As matter of law, a master must be held to be aware that, if he permits the appliances which he furnishes to his employees, for their use in the conduct of his business, to become defective, his employees in using the same in the reasonable and necessary course of their employment are likely to suffer injury. Master and Servant (2d ed.), §§ 1040 and 1056. This principle also finds support in the opinion of the supreme court of Virginia in the case of *Colonna Shipyard v. Dunn,* 151 Va. 740, 145 S. E. 342.

We conclude that the evidence does not require a holding that the respondent was guilty of contributory negligence and is therefore barred from recovering judgment against appellants.

Appellants next contend that respondent was guilty of contributory negligence in that he continued to climb the ladder after it had, by "shimmying," given warning that it was defective. In this connection, we have carefully read the testimony upon which appellants rely, and we are satisfied from a careful examination thereof that the movement of the ladder while

respondent was ascending the same was not such as to justify this court in holding that, in continuing his ascent, respondent was guilty of contributory negligence.

■ Finally, appellants contend that the damages allowed by the trial court were excessive. While it is possible that some of the testimony admitted by the trial court in this connection was incompetent, we conclude that the amount of damages as fixed by the trial court is supported by competent evidence and that this court is not justified in reducing the amount awarded by the trial judge.

Finding no error in the record, the judgment appealed from is affirmed.

MITCHELL, C. J., PARKER, FULLERTON, MAIN, and HOLCOMB, JJ., concur.

TOLMAN, J. (dissenting)—Perhaps if this case had been tried to a jury, we would be bound by the verdict because based upon substantial evidence, but here the issues of fact were tried to the court, and we are therefore privileged to weigh the evidence, and, if we find that it preponderates against the findings of the trial court, it is our duty to reverse the judgment.

Whether or not the ladder in question was a "simple tool" in the parlance of the law, is one upon which reasonable minds might well differ, but, since all self-supporting or stepladders work upon the same principle, and respondent was an experienced fruit picker, it would seem that to him the ladder was a simple tool. Still, perhaps, we ought not to overrule the trial court upon that point.

Assuming that the ladder was not a simple tool, yet both its construction and its operation were well known to respondent, and it is inconceivable to my mind that an experienced fruit picker could pick up and carry

this ladder to its place of use and there put it in position, without being informed by the handling of it of the looseness of the tongue, if there was then any such looseness. Moreover, the placing of his weight upon the ladder in ascending must have informed him at once of the lack of the usual rigidity. Realizing this, the respondent in his own testimony said that the ladder began to "shimmy" before he reached the top. In my judgment, therefore, the evidence preponderates in favor of contributory negligence and not against it.

With such a tool as this, used under conditions here shown, the master has the duty of inspection and of putting the tool in good order before placing it in the field for use. Undeniably that duty was here fully performed. When placed in the orchard for use indiscriminately by many workmen, it is unreasonable to require constant inspection after each individual use, and, with experienced employees, such constant inspection is unnecessary, because, by the slightest attention, one experienced in the use of such ladders must be informed of any such defect as was here claimed to exist.

As I understand the record, the condition in which the ladder was found after the accident was far more likely to have been caused by the accident than to have been preexistent and the cause of the accident, and, on the whole record, in my opinion, the accident was due to the usual ordinary and assumed risk of over-extending or over-balancing on the part of respondent standing on the top of the ladder in reaching for fruit, rather than by any defect in the ladder shown to have been in existence before the accident.

In my opinion, the judgment should be reversed and the action dismissed, and I therefore dissent.

MILLARD, and FRENCH, JJ., concur with TOLMAN, J.