## NICHOLS *v.* BUSH.

1. MASTER AND SERVANT — SAFE TOOLS — NEGLIGENCE — EVIDENCE — DIRECTED VERDICT.

In household servant's action against employers for injuries she sustained while using a certain ladder, plaintiff *held*, not to have established her right to go to jury on question as to whether defendants were guilty of negligence in furnishing her safe and adequate tools and equipment with which to do her work where evidence shows she had used the ladder on previous occasions and testified that she did not know of anything that was wrong about the ladder, hence court properly directed verdict for employers.

2. SAME—DEFECTIVE LADDER—BURDEN OF PROOF—EVIDENCE.

Household servant who sues employers for injuries sustained while using a ladder which she had used before has burden of establishing by a preponderance of evidence that the ladder was defective and such burden is not sustained where evidence is such that it is impossible to ascertain whether the ladder merely tipped over or whether it collapsed through some defect.

3. SAME—SMALL PORTABLE LADDER.

A small portable ladder or steps falls within the ''small tools or implements'' exception to rule requiring the master to inspect and provide his employees with safe tools with which to work.

4. SAME—SMALL TOOLS OR IMPLEMENTS—EMPLOYER'S DUTY TO INSPECT.

What is a ''small tool or implement'' within exception to rule requiring master to furnish employees with safe tools and place to work depends much upon the use to which it is to be put by the employee, his age, capacity to appreciate danger, nature of his employment, his familiarity with the work to be done, and somewhat on whether the tool is subjected to any other stress than the muscular effort of the person using it.

5. SAME—OBSERVANCE OF DEFECTS IN SMALL TOOLS.

Master's nonliability for injury to employee through use of a small tool or implement rests upon the assumption that the employee is in as good, if not better, position to observe the defect as the employer.

6. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.

On appeal from directed verdict and judgment for defendant employers, plaintiff's uncontradicted testimony must be accepted as true.

7. SAME—QUESTIONS REVIEWABLE—ADMISSIONS.

Fact that employer made an admission that ladder used by plaintiff, a household servant, was unsafe is not considered where plaintiff failed to sustain her burden of proof that injuries were caused by reason of defective condition of ladder rather than because the ladder tipped over.

Appeal from Wayne; Dehnke (Herman), J. Submitted October 6, 1939. (Docket No. 93, Calendar No. 40,741.) Decided December 19, 1939.

Case by Elizabeth Nichols against Charles T. Bush and Harriet V. Bush for damages for personal injuries sustained while a servant in defendant's household. Directed verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Walter M. Nelson,* for plaintiff.

*Vandeveer, Vandeveer & Haggerty,* for defendants.

McALLISTER, J. Plaintiff, Elizabeth Nichols, was a household servant in the home of defendants. She worked in the kitchen in addition to performing other duties about the house. On February 1, 1937, she was requested by defendant Harriet Bush to clean the windows on the first floor, and, according to plaintiff's claim, was instructed to use a certain ladder which was kept in the kitchen. Plaintiff had previously washed the windows on a dozen different occasions, and, in doing so, had used the ladder in question. She had also used the ladder to reach

canned goods which were kept in a closet in the kitchen. In carrying out the instructions of the defendant, she took the ladder into the drawing room and proceeded to do the work. After having washed three of the windows, she was starting upon a fourth when, as a result of a fall upon the floor, she received certain injuries. Plaintiff, therefore, brought suit against defendants, claiming that they were negligent in not furnishing her safe and adequate tools and equipment with which to do her work; that they owed a duty to inspect such tools and to give her warning as to any danger that might be encountered in the performance of her work; that they knew that said ladder was unsafe and failed to warn or inform the said plaintiff against such use. The trial court directed a judgment of no cause for action in favor of defendants, and plaintiff appeals.

Upon a consideration of the record, we are of the opinion that plaintiff did not establish her right to go to jury on the question of fact as to whether defendants were guilty of negligence. Plaintiff testified that she, herself, did not know of anything that was wrong about the ladder. On cross-examination she testified as follows:

"*Q.* So that if there was anything wrong with the ladder, what it was you can't tell us?

"*A.* No, I can't.

"*Q.* All you know is that it slipped and—or, at least your feet went from under you and you went down.

"*A.* I felt it give way to the right.

"*Q.* And did it tip slightly to the right, or to the left?

"*A.* I don't know whether it tipped. I just felt it give way and I grasped the window.

"*Q.* You grasped the window?

"*A.* Yes.

"*Q.* And the ladder went from under you?

"*A.* That I don't know—whether it did; I went with it, whatever happened from then on.

"*Q.* Whatever tipped, you went with it and went down?

"*A.* Yes.

"*Mr. Vandeveer:* That is all."

On redirect examination she further testified:

"*Q.* Mrs. Nichols, did this ladder tip or give way?

"*A.* The feeling I had was that it was giving way.

"*Q.* You don't know the difference between this thing tipping over [or?] giving way—which did it do?

"*A.* I don't know. When you're standing on top of anything like that, the sensation I had was that it was giving way to the right—

"*The Court:* Did you hear any noise at that time on the ladder?

"*A.* I don't recall having heard any.

"*Q.* You don't recall which way the ladder went?

"*A.* No, I do not.

"*Q.* Did you continue right with the ladder some distance?

"*A.* Well, I did."

From this testimony it is impossible to ascertain whether the ladder merely tipped over, or whether it collapsed through some defect. If it merely tipped over, there would be no liability on the part of defendants, and no such liability is claimed by plaintiff. The burden was upon the plaintiff to establish by preponderance of evidence that the ladder was defective. This she failed to do, and the court properly directed a verdict in favor of defendants.

There is, however, a legal question which, in spite of the above disposition of the case, should be mentioned. In *Kelley* v. *Brown,* 262 Mich. 356, it was said:

"A small portable ladder or steps falls within 'small tools or implements' exception to rule requiring the master to inspect and provide his employees with safe tools, et cetera, with which to work. * * *

"Notwithstanding some rulings in a few cases to the contrary, the great weight of authority is to the effect that a small portable stepladder is a simple tool or appliance."

In *Sheltrown* v. *Railroad Co.,* 245 Mich. 58, it was held that the doctrine that a master must furnish his servant with reasonably safe machinery or appliances to perform the work required of him, and also keep them in safe condition by inspection from time to time and by ordinary care and diligence in making repairs, is subject to an exception in the case of simple tools and appliances. The court said:

"What is, or is not, a simple tool under the rule stated, and the duty to inspect if it is not, depends much upon the use to which it is to be put by the employee. His age, his incapacity to appreciate danger, the nature of the employment, his familiarity with the work to be done, these and many other things may be considered in determining the obligation resting on the employer to make inspection. His nonliability in such cases rests upon the assumption that the employee is in as good, if not better, position to observe the defect as the employer. *Meyer* v. *Ladewig,* 130 Wis. 566 (110 N. W. 419, 13 L. R. A. [N. S.] 684). The test depends, not only on the simplicity of construction, but also somewhat on whether the tool is subjected to any other stress than the muscular effort of the person using it."

We do not overlook the claim of plaintiff that defendant Harriet Bush stated to the plaintiff after the accident: "Didn't you know that was unsafe?" which must be accepted as true in view of no contradictory testimony and the direction of a verdict against plaintiff. By such claimed statement, it is sought to establish defendants' negligence on the ground that it was an admission on plaintiff's part that the ladder was unsafe and that defendants had knowledge of this fact. In view of the foregoing disposition, however, it is unnecessary to consider this phase of the case.

Judgment affirmed, with costs to defendants.

Butzel, C. J., and Wiest, Bushnell, Sharpe, Potter, Chandler, and North, JJ., concurred.