FINCH *v.* W. R. ROACH CO.

1. NEGLIGENCE—CHERRY    PICKERS—LADDERS—MEASUREMENTS—IM-
   PROPER CONSTRUCTION.

   In cherry picker's action for injuries sustained upon tipping over
   of an eight-foot, three-legged stepladder, furnished by defend-
   ant's orchard overseer, evidence of improper construction *held,*
   sufficient to warrant submission of case to jury though plain-
   tiff, his attorney and an engineer who visited defendant's
   premises later to make measurements of a ladder failed to
   measure angle formed by front leg and platform of the ladder
   then examined and claimed to have been exactly like the one
   furnished plaintiff.

2. EVIDENCE—LADDERS—MODEL CONSTRUCTED FROM MEASUREMENTS
   TAKEN OF IDENTICAL LADDER.

   In cherry picker's action for injuries sustained upon tipping over
   of an eight-foot, three-legged stepladder which had been fur-
   nished him by defendant's orchard overseer, admission in evi-
   dence of model constructed from measurements taken of ladder
   found later in defendant's orchard by plaintiff, his attorney
   and an engineer *held,* not error, even though model was not an
   exact facsimile in every detail of the falling ladder, where
   plaintiff testified the ladder from which measurements were
   taken was identical with the one from which he fell.

3. SAME—PHOTOGRAPHS—MODELS.

   A photograph or model is admissible in evidence only as a non-
   verbal mode of expressing a witness' testimony, as a testi-
   monial aid to help jury to understand the evidence more
   clearly than they could from the words of a witness.

4. SAME—USE OF PHOTOGRAPH OR MODEL AS TESTIMONIAL AID.

   A proposed testimonial aid, such as a photograph or a model,
   must be sponsored by the witness who uses it to relate his per-
   sonal knowledge or scientific skill and understanding.

5. SAME—DISCRETION OF COURT—MODELS.

   The trial court determines, within discretionary limits, the pre-

   General liability of a supplier of chattels, see 2 Restatement, Torts,
   § 388 and illustration 4.

   Function of the jury on a question of contributory negligence, see
   2 Restatement, Torts, § 476.

liminary question of whether the model is a fair representation of the ultimate fact.

6. TRIAL—EVIDENCE—MODEL AS REPRESENTATION OF ULTIMATE FACT —QUESTION FOR JURY.

When the correctness of a model or photograph as an illustrative representation of the ultimate fact is disputed, if there is room for finding in favor of the offering party, the trial court may admit it and submit the question to the jury for ultimate determination.

7. NEGLIGENCE—LADDERS—MODEL—FAILURE TO PROCURE ALL MEASUREMENTS—QUESTION FOR JURY.

In cherry picker's action for injuries sustained upon tipping over of eight-foot, three-legged stepladder which had been furnished him by defendant's orchard overseer, where plaintiff, his attorney and an engineer visited defendant's orchard some months after the accident and measured a ladder which plaintiff claimed was identical with the one he had used, their failure to measure angle formed by front leg and top platform from which plaintiff fell was not fatal to plaintiff's case as the weakening effect on his claim of such failure was for jury to determine in their consideration of model made from measurements procured.

8. EVIDENCE—EXPERT TESTIMONY—LADDERS—QUESTION FOR JURY.

In cherry picker's action for injuries sustained upon tipping over of eight-foot, three-legged stepladder which had been furnished him by defendant's orchard overseer, testimony of engineer that ladder he examined in orchard some months later, claimed by plaintiff to have been identical with one he had used, was faultily designed was for jury to weigh along with the facts upon which he based his opinion.

9. JUDGMENT—VIOLATION OF BEST EVIDENCE RULE.

In action for injuries sustained by cherry picker when he fell from stepladder furnished him by defendant's orchard overseer, granting of judgment for defendant notwithstanding verdict for plaintiff because of violation of best evidence rule in that model of stepladder from which plaintiff fell, which had been constructed from measurements taken from another ladder some months later and which plaintiff claimed was identical with ladder he had used, was error, where defendant had not based objection to model on plaintiff's failure to produce the original ladder.

10. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

In cherry picker's action for injuries sustained alleged to be due to faulty design and construction of stepladder furnished him

by defendant's orchard overseer, whether or not tipping of ladder resulted from plaintiff's own carelessness was properly submitted to jury.

11. APPEAL AND ERROR—EVIDENCE—JUDGMENT NOTWITHSTANDING VERDICT.

On appeal from judgment for defendant notwithstanding verdict for plaintiff it is the province of the Supreme Court to determine whether there is room for the verdict even though as triers of the facts it might be impelled to reach a contrary conclusion.

12. NEGLIGENCE—DISCOVERY OF LATENT DEFECTS IN LADDER BY CHERRY PICKER—CONTRIBUTORY NEGLIGENCE.

Whether or not cherry picker was bound to anticipate or discover that there was or might be a latent defect in stepladder furnished him by defendant's orchard overseer is a question for the jury where expert testimony discloses a latent defect in the construction of the ladder.

SHARPE, NORTH, and WIEST, JJ., dissenting.

Appeal from St. Clair; George (Fred W.), J. Submitted June 7, 1940. (Docket No. 48, Calendar No. 40,813.) Decided December 10, 1940. Rehearing denied February 7, 1941.

Case by Guy Finch against W. R. Roach Company, a Michigan corporation, for injuries sustained in falling from a ladder while picking cherries in defendant's orchard. Verdict for plaintiff. Judgment for defendant *non obstante veredicto.* Plaintiff appeals. Reversed and judgment ordered entered for plaintiff.

*Miles K. Benedict (Walsh, Walsh & O'Sullivan,* of counsel), for plaintiff.

*L. J. Carey* and *George J. Cooper (Stewart & Black* and *Warner, Norcross & Judd,* of counsel), for defendant.

BUTZEL, J. Plaintiff sued for damages for personal injuries sustained in falling from an alleged defectively constructed ladder furnished him by defendant. Defendant owned and operated an orchard near Lexington, Michigan, where it sold cherries at a given price, but at a lower price to those who picked the cherries themselves. It appears that those who picked for themselves were obliged to strip an entire tree before leaving the orchard. Plaintiff, his wife, and a hired man went to defendant's orchard to pick their own. Defendant's overseer supplied plaintiff an eight-foot three-legged ladder and designated a tree. When plaintiff was about to leave after an hour or so of picking, the overseer told him to pick all remaining cherries on the outside of the limbs. Accordingly, plaintiff placed the ladder along the limbs, climbed up, and "had been up there probably 15 or 20 seconds when the ladder tipped over right from under" him. A protruding bolt on a brace cut his body severely.

Plaintiff's essential claim of negligence is in furnishing him a ladder of unsafe, defective design and construction. There is no claim that the ladder had fallen into disrepair; the theory of plaintiff is that the original construction was such that the platform was unstable notwithstanding its outward appearance of safety. To prove this point, plaintiff, an attorney, and an engineer secretly entered defendant's orchard several months after the accident, and they measured and photographed a ladder found there which is claimed to be exactly like the one from which plaintiff fell. From the measurements then taken, a model was constructed by a carpenter and admitted in evidence over objection. The engineer drew a diagram of the ladder, and his expert opinion and that of another engineer were based on the diagram and model. The essence of their opinion

was that the ladder was so constructed that there were several points on the platform which were outside the range of stability, and that if a man placed his weight on any of these points, the ladder would tip over.

It appears that there was a failure to take the measurement of the angle formed by the front leg and the platform of the ladder examined on defendant's premises, and the spread of the model ladder was not as wide as that of the ladder in the orchard. The trial court overruled defendant's objection to the introduction of the model on the ground that without the measurement of the angle the model could not be an accurate replica, and he denied a motion to strike the testimony of the experts who based their opinion on an examination of the model. He also reserved decision on defendant's motion for directed verdict based on the claim that without this measurement negligence had not been proved. The jury returned a verdict for plaintiff, the amount of which is conceded to be reasonable if plaintiff is entitled to recover.

The trial court entered judgment for defendant notwithstanding the verdict on the ground that the model was secondary evidence, and that it was inadmissible because plaintiff failed to account for the absence of the original or give notice to produce it, and that this was fatal to recovery. Both parties claimed an appeal, but defendant in its brief stated that it formally abandoned all cross-errors and limited the reviewable questions to those which "determine the sufficiency or insufficiency of the evidence presented in support of appellant's own theory."

Defendant admits in its brief that it "at no time relied upon the best evidence rule in objecting to the admission of the model ladder," but that its

objection was primarily directed to the complete lack of proof justifying expert testimony of unsafe design from the model. Defendant first objected to the testimony of the expert witnesses on the ground that it was based on completely inaccurate and incompetent facts. It insisted that there was no competent testimony to show that the ladder examined in the orchard months after the accident was the very ladder, or an exact duplicate of the ladder from which plaintiff fell, and that there was no way of telling what was the angle formed by the front leg and the platform of the original ladder. The model was at first used as "only an illustration" to aid the witnesses. When it was formally offered in evidence, defendant objected because of its inaccuracy in portraying the original. The trial court took this preliminary question under consideration and later ruled that while there was no determination by plaintiff of the angle between the front leg and the platform, there was testimony that the outside limit of any variance would be slight and not such as to warrant his exclusion of the model. His conclusion was that it was for the jury to determine whether the variance affected the stability of the ladder. The jury found, in answer to a special question, that plaintiff "fell from a ladder identical within practical limits with the model he brought into court as to height, platform size and angle between platform and stiles."

We must first determine whether there was sufficient evidence of faulty construction to warrant the jury in finding for plaintiff on this element of the case. For this present purpose we shall assume that the admission of the model was not in violation of the "best evidence rule." The problem may be reduced to the inquiry: Since plaintiff failed to get a precise measurement of the angle deemed to be so

vital, was there adequate evidence thereof from which the jury could properly find that the platform angle of the original ladder was improper? Defendant argues that plaintiff's theory is one of latent defect, determinable only upon careful, expert study, or experiment; it further claims that if the defect is not latent, but can be discovered by ordinary means, then plaintiff's own showing convicts him of contributory negligence. We think there was enough evidence of improper construction to warrant submission of the case to the jury. Plaintiff testified that the ladder from which he fell was identical with the one examined on a later visit to the orchard. On this later visit, plaintiff, an attorney, and an engineer claimed they carefully noted on paper and in their minds the characteristics. True, one measurement, assumed to be vital, was not recorded. There was testimony that any variance would be negligible, and in the opinion of the expert, the basic stability of the model which illustrated his testimony did not differ in any material degree from the examined chattel which is said, even by defendant's own proofs, to be identical with the one from which plaintiff fell. We do not think there was any error in the use of the model which was not a facsimile in every detail. A photograph or model is used only as a "nonverbal mode of expressing a witness' testimony" (3 Wigmore on Evidence [3d Ed.], p. 175, § 790), and as a testimonial aid it may often help the jury to understand the evidence "more clearly than they could from the words of any witness" (*Bernard* v. *Pittsburg Coal Co.*, 137 Mich. 279). The proposed aid must be sponsored by a witness who uses it to relate his personal knowledge or scientific skill and understanding. *United States Shipping Board* v. *The Ship St. Albans*, (1931) A. C. 632 (77 A. L. R. 938). The trial court

determines, within discretionary limits, the preliminary question of whether the model is a fair representation of the ultimate fact (see *Perri* v. *Tassie*, 293 Mich. 464). When the correctness of the illustrative representation is disputed, if there is room for finding in favor of the offering party, the trial court may admit it and submit the question to the jury for ultimate determination. *Richmond* v. *Atkinson*, 58 Mich. 413. In the case before us, there was testimony based on personal knowledge to link the model with the ladder measured in the orchard, and the one thus measured was said to have been a facsimile of the one furnished plaintiff. The fact that one angle was not measured does not necessarily preclude the jury from believing the witnesses who stated from memory that the questioned angle on the ladder in court was, so far as their recollection established, the same as the angle on the accused ladder. Failure to measure this one angle was not fatal to plaintiff's case. Its weakening effect on the claim was for the jury to determine. Likewise, the testimony of the engineer that the ladder he examined was faultily designed was for the jury to weigh along with the facts upon which he based his opinion. The question was left to the jury by a special question submitted by defendant. The jury upheld the similarity of the model with the original in accordance with the testimony of plaintiff's witnesses.

We think the trial court was in error in granting a judgment notwithstanding the verdict for a supposed violation of the best evidence rule. Defendant concedes that at no time did it rely on this rule as a ground of exclusion of the model, but it explains that the trial court used this reasoning as a "mere incident" to his conclusion that plaintiff's model differed from the original in respect to the vital pitch and angular measurements, and that plaintiff's

failure to produce or explain the absence of the original was fatal to recovery.   After judgment it was too late under any principle to penalize plaintiff for nonproduction of the original ladder or his unexplained use of evidence of a different character. We need not determine whether failure to give notice to produce an original chattel would be a valid ground for exclusion of the proofs adduced if the question had been properly raised.   See *Michigan Bankers Ass'n* v. *Ocean Accident & Guarantee Corp., Ltd.,* 274 Mich. 470; *Elliott* v. *Van Buren,* 33 Mich. 49 (20 Am. Rep. 668); *Wuerth* v. *Frohlich,* 251 Mich. 701; *Queen* v. *Francis,* (1874) 2 Crown Cases Res. 128 (43 L. J. M. C. 97, 22 W. R. 663, 12 Cox C. C. 612); *Lucas* v. *Williams,* (1892) 2 Q. B. 113 (61 L. J. Q. B. 595); *McClary* v. *State,* 75 Ind. 260; *Clarke* v. *Robinson,* 44 Ky. (5 B. Monr.) 55; *Commonwealth* v. *Pope,* 103 Mass. 440; *Commonwealth* v. *Welch,* 142 Mass. 473 (8 N. E. 342); *State* v. *McAfee,* 148 Mo. 370 (50 S. W. 82); *People* v. *Fernandez,* 35 N. Y. 49; *Heneky* v. *Smith,* 10 Ore. 349 (45 Am. Rep. 143); 3 Wigmore on Evidence (3d Ed.), p. 320, § 1181; 1 Chamberlayne, The Modern Law of Evidence, pp. 621–624, §§ 482, 483; 3 Jones, Commentaries on Evidence (2d Ed.), p. 2581, § 1420; Taylor, Evidence (10th Ed.), § 555; *cf. Chenie* v. *Watson,* (1797) Peake Add. Cas. 123 (170 Eng. Rep. 217). Likewise there is no need to decide whether the trial court in the exercise of his discretion might require production of uninscribed real evidence (*Clarke* v. *Robinson, supra;* Wigmore, *op. cit.,* § 1181).   If the trial court ruled as he did because he felt the proofs were inadequate to establish negligence as a matter of law, he was wrong for the reasons previously discussed; if he was attempting to exercise a judicial discretion by insisting upon a higher quality of probative proof, the discretion was exercised too late.

We are much impressed with defendant's claim that, despite the verdict of the jury, the tipping of the ladder resulted from plaintiff's own carelessness, but we are constrained to hold that the issue was properly submitted to the jury. It is our province as judges to determine whether there is room for the verdict, and at this point our inquiry must end, even though as triers of the facts we would be impelled to reach a contrary conclusion. From the evidence of the experts that there was a latent defect in the construction of the ladder supplied plaintiff, we cannot say as a matter of law that the circumstances were such that plaintiff was bound to anticipate or discover that there was or might be any such defect in the short time he was to use the article. At least there was room for the jury to find that plaintiff exercised the degree of care required of him for his own safety. *Etel* v. *Grubb,* 157 Wash. 311 (288 Pac. 931). The cases of *Kelley* v. *Brown,* 262 Mich. 356, and *Nichols* v. *Bush,* 291 Mich. 473, do not support defendant's contention that plaintiff was contributorily negligent as a matter of law. In neither case was there any proof of negligence on the part of defendant in supplying an improperly designed or out-of-repair ladder. Where there is such evidence of defendant's negligence, and the circumstances are such that the infirmities are not readily discoverable, the question of the user's contributory negligence may properly be submitted to the jury. *Etel* v. *Grubb, supra.*

The trial court erred in entering judgment for defendant notwithstanding the verdict. The judgment is reversed, and a judgment shall be entered on the verdict, with costs to plaintiff.

BUSHNELL, C. J., and CHANDLER and McALLISTER, JJ., concurred with BUTZEL, J.

NORTH, J. (*dissenting*).  Defendant invited or at least permitted plaintiff to go upon its premises to pick cherries.  The cherries picked became his property at a lesser price than defendant otherwise would have charged him.  Defendant furnished plaintiff with an eight-foot three-legged stepladder for his use while picking the cherries.  After plaintiff had been picking for an hour or an hour and a half and when he was standing on the platform on top of the ladder, it tipped over.  Plaintiff fell and was seriously injured.  He brought this suit against defendant to recover for the damage sustained.  On trial before a jury he had verdict for a substantial amount; but on defendant's motion *non obstante veredicto* judgment was entered in its favor.  Plaintiff has appealed.

If the record before us justifies the trial court's ruling it should be affirmed; but, otherwise, reversed.  The negligence which plaintiff charges against defendant is that defendant provided plaintiff with a "ladder of an unsafe, unstable and dangerous character and of faulty and defective design and construction."  This record does not present a controverted issue for a jury's determination as to the ladder not being in a reasonable and a suitable state of repair.  In its motions for a directed verdict, and later in its motion for judgment *non obstante veredicto,* defendant urged that there was no competent testimony tending to establish the alleged negligence on the part of the defendant; and it also urged that plaintiff as a matter of law was guilty of contributory negligence.

The record in this case is such that disposition of this appeal necessitates only consideration of the issue of contributory negligence.  If, as we shall point out, the record discloses plaintiff was guilty of contributory negligence as a matter of law, the

judgment entered in the circuit court should be affirmed. Plaintiff, a farmer and manager of a farm, was 48 years of age at the time the accident happened. During his life he had been engaged more or less in constructing buildings. He was chargeable with exercising that degree of care in the use of this stepladder which an ordinary normal person of his years, experience and knowledge of the use of simple tools would be charged. As noted above, he had been using this ladder prior to his accident and obviously under like conditions for an hour or an hour and a half and during that time he had picked approximately 25 pounds of cherries. He knew that the ground upon which he was using this ladder was light sandy loam and that the legs of the ladder when in use would sink from one to three inches into the ground; that in the place where the accident happened the ground was not level, but instead sloped away from the tree. He testified:

"It necessitated setting the ladder up kind of sloping and it sunk into the ground, * * * and the condition we judged would be safe to go up and pick. * * *

"*Q.* And as set up there by you, how far would you say that back leg where it met the ground was away from the crosspiece between the two front legs, how much spread, in other words, was there?

"*A.* Close to four feet, I would think. * * *

"*Q.* Had you had any warning not to use these ladders with such a spread?

"*A.* I was not warned in any way."

He climbed to the top of the ladder and reached out to his right in the act of picking. He testified:

"Well, naturally, as you reach with the right hand the weight of the body would go on the right foot.

"*Q.* And that is what happened?

"*A.* Yes.

"*Q.* And that is the last you knew when you shoved your weight, your right foot, the ladder went over to the right?

"*A.* Yes, sir."

The ladder fell away from the tree, which would be down the incline. It quite conclusively appears from photographic exhibits of the type of ladder which defendant furnished to plaintiff that when in normal position for use the spread between the line of the front legs and the bearing of the back leg is six feet or more. If, as plaintiff testified, the spread of the legs of his ladder at the time of the accident was only four feet and if further he saw fit to stand on top of the ladder when it was so set up, and in the act of picking shifted his weight so far to his right that it caused the ladder to tip over, he was guilty of contributory negligence. There is much force to the contention in appellee's brief that plaintiff's act in standing on top of this ladder under the conditions noted, and without having another steady it while so doing, was negligence which in itself was a proximate cause of the accident.

Notwithstanding plaintiff's claim that the ladder was of defective design, we think that since it was a tool or instrumentality of such a simple type, and the care or caution essential to its safe use was so obvious, plaintiff's manner of using it conclusively appears to have been a proximate cause of the accident, and that he was guilty of contributory negligence as a matter of law. For that reason the ruling of the trial court in granting defendant's motion for judgment *non obstante veredicto* should be affirmed. Costs to appellee.

SHARPE and WIEST, JJ., concurred with NORTH, J. The late Justice POTTER took no part in this decision.