FINCH *v.* W. R. ROACH CO.

1. NEGLIGENCE—INVITEES—CHERRY PICKERS.
   In an action for injuries sustained by plaintiff who fell from defendant's three-legged stepladder while picking cherries in defendant's orchard where plaintiff was present pursuant to offer of cherries at a lower price to people who picked their own cherries, plaintiff was present as an invitee of defendant.

2. SAME—CHERRY PICKERS—STEPLADDERS—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
   In cherry picker's action for injuries alleged to be due to faulty design and construction of stepladder furnished him by defendant's orchard overseer, whether or not tipping of ladder resulted from plaintiff's own carelessness was properly submitted to jury.

3. APPEAL AND ERROR—EVIDENCE.

On appeal from denial of defendant's motion for new trial after case had been remanded on previous appeal to enter judgment in accordance with verdict for plaintiff, it is the province of the Supreme Court to determine whether there is room for the verdict even though as triers of the facts it might be impelled to reach a contrary conclusion.

4. NEGLIGENCE—DISCOVERY OF LATENT DEFECTS IN LADDER BY CHERRY PICKER—CONTRIBUTORY NEGLIGENCE.

Whether or not cherry picker who was to use an eight-foot three-legged stepladder, furnished him by defendant orchard owner's overseer, was bound to anticipate or discover that there was or might be a latent defect in the ladder is a question for the jury where expert testimony discloses a latent defect in the construction of the ladder.

5. APPEAL AND ERROR—MOTION FOR NEW TRIAL—WEIGHT OF EVIDENCE.

Under statute pertaining to proceedings on appeal from denial of motion for a new trial, the Supreme Court will set aside a verdict where it is clearly against the overwhelming weight of the evidence (3 Comp. Laws 1929, § 14314).

6. VERDICTS AND FINDINGS—SPECIAL QUESTIONS—EVIDENCE.

Findings by jury on issues of fact submitted to it by way of special questions requested by one of the parties are binding upon party making the request and conclusive of the issues involved where based upon competent evidence.

7. APPEAL AND ERROR—SPECIAL QUESTIONS—ANSWERS—EVIDENCE—NEW TRIAL.

In action against orchard owner whose overseer provided plaintiff with an eight-foot three-legged stepladder for use while picking cherries from trees in defendant's orchard, where answers of jury to special questions relating to admission of evidence and plaintiff's contributory negligence and the real issues in the case were supported by competent evidence, trial court's denial of motion for new trial will be sustained.

8. NEW TRIAL—STATEMENT OF REASONS FOR DENIAL—COURT RULE.

Opinion of trial court denying new trial upon finding ''that the verdict of the jury was not overwhelmingly against the weight of the evidence on any of the four grounds set forth in defendant's motion'' was a sufficient compliance by the trial court with requirement of court rule relative to concise statement of reasons for such action (Court Rule No. 47, § 3 [1933]).

9. APPEAL AND ERROR—QUESTIONS REVIEWABLE—DENIAL OF NEW
   TRIAL—GOOD FAITH.
   On appeal from denial of defendant's motion for a new trial
   made after case had been remanded from Supreme Court for
   entry of judgment in accordance with verdict for plaintiff,
   contention suggesting that trial judge, in denying new trial,
   had not acted in good faith is not considered.

10. NEW TRIAL—DISCRETION OF COURT.
    The granting of a rehearing or a new trial lies within the sound
    discretion of the circuit judge.

11. APPEAL AND ERROR—MOTION FOR NEW TRIAL—QUESTIONS OF
    FACT.
    On review of trial court's refusal to grant a new trial, Supreme
    Court does not substitute its judgment on questions of fact
    unless they clearly preponderate in the opposite direction (3
    Comp. Laws 1929, § 14314).

12. SAME—SPECIAL QUESTIONS—EVIDENCE—MODEL LADDER.
    In cherry picker's action for damages for injuries alleged to
    be due to faulty design and construction of stepladder fur-
    nished him by defendant's orchard overseer, on defendant's
    appeal from trial court's denial of motion for new trial made
    after case had been remanded by Supreme Court for entry of
    judgment on verdict for plaintiff, evidence presented by record,
    though conflicting, warranted jury's answers to special ques-
    tions put to it relative to similarity of a model ladder used at
    trial to that used by plaintiff when injured.

13. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—RECORD.
    In cherry picker's action for injuries alleged to be due to
    faulty design and construction of stepladder furnished him
    by defendant's orchard overseer, record held, not to justify
    conclusion that plaintiff was guilty of contributory negligence
    as a matter of law.

SHARPE, C. J., and NORTH and WIEST, JJ., dissenting.

Appeal from St. Clair; George (Fred W.), J.
Submitted October 23, 1941. (Docket No. 82, Cal-
endar No. 41,780.) Decided December 8, 1941.

Case by Guy Finch against W. R. Roach Com-
pany, a corporation, for injuries sustained in falling
from a ladder while picking cherries in defendant's
orchard. Verdict for plaintiff. Judgment for de-
fendant *non obstante veredicto*. Plaintiff appealed.
Reversed and judgment ordered for plaintiff. Upon

remand, defendant's motion for new trial was denied. Defendant appeals. Affirmed.

*Miles K. Benedict* and *Walsh, Walsh & O'Sullivan*, for plaintiff.

*L. J. Carey* and *George J. Cooper* (*Eugene F. Black*, of counsel), for defendant.

CHANDLER, J. This case has been before this court on a former occasion and is reported in *Finch v. W. R. Roach Co.*, 295 Mich. 589, wherein two opinions were filed, and where the facts were gone into in much detail. The appeal there was from a judgment for defendant entered by the trial court notwithstanding the verdict rendered by the jury in favor of plaintiff.

That the facts and the legal principles applicable thereto were thoroughly reviewed and considered by this court is evidenced by two carefully prepared opinions reported in 295 Mich. 589.

The judgment of the trial court above referred to was reversed, and the cause was remanded to the circuit court for the county of St. Clair for entry of judgment on verdict of jury as rendered.

After this decision, an application for a rehearing was filed by defendant and after due consideration by this court was denied on February 7, 1941.

After entry of judgment for plaintiff on verdict of the jury in accordance with our directions, defendant filed with the trial court a motion for an order setting aside the verdict and judgment and granting a new trial of the cause for the following reasons:

"1. The verdict was contrary to the clear weight of the evidence in that the proofs overwhelmingly showed, despite the guesses and estimates of plain-

tiff's witnesses, that the ladder from which plaintiff fell differed radically and vitally from plaintiff's model ladder.

"2. The verdict was contrary to the clear weight of the evidence in that the proofs overwhelmingly showed that plaintiff, in setting up and using the ladder as he did, was guilty of contributory negligence.

"3. The verdict was contrary to the clear weight of the evidence in that the proofs overwhelmingly showed that plaintiff, at the time he was injured, was an independent contractor instead of an invitee and that he accordingly possessed no right of recovery for and on account of the theory and allegations of negligence that are set forth in his declaration."

On May 14, 1941, the trial judge filed a "combined opinion and order denying motion for new trial," which follows:

"This matter comes before the court on a motion for a new trial and due consideration has been given to the arguments and briefs of counsel. In as much as the Supreme Court of Michigan has held that the issues were properly submitted to the jury, the motion of defendant, W. R. Roach and Company, is hereby denied."

On May 16, 1941, the trial judge filed a "supplemental opinion on defendant's motion for new trial."

"The court having heretofore rendered a finding denying defendant's motion for a new trial and having inadvertently omitted reference to the four grounds and reasons for a new trial urged by the defendant, and the court having given due consideration thereto and as a supplement to the previous opinion of this court, the court does hereby find that the verdict of the jury was not overwhelmingly

against the weight of evidence on any of the four grounds set forth in defendant's motion."

From this denial of its motion for a new trial defendant appeals, and assigns error on the part of the trial court in the following particular:

"1. The trial court erred in denying defendant's motion for new trial for assigned reason that the verdict was contrary to the clear weight of the evidence in that the proofs overwhelmingly showed, despite the guesses and estimates of plaintiff's witnesses, that the ladder from which plaintiff fell differed radically and vitally from plaintiff's model ladder.

"2. The trial court erred in denying defendant's motion for new trial for assigned reason that the verdict was contrary to the clear weight of the evidence in that the proofs overwhelmingly showed that plaintiff, in setting up and using the ladder as he did, was guilty of contributory negligence.

"3. The trial court erred in denying defendant's motion for new trial for assigned reason that the verdict was contrary to the clear weight of the evidence in that the proofs overwhelmingly showed that plaintiff, at the time he was injured, was an independent contractor instead of an invitee and that he accordingly possessed no right of recovery for and on account of the theory and allegations of negligence that are set forth in his declaration.

"4. (The fourth assignment of error was abandoned by appellant on the oral argument of this case.)"

We deem it unnecessary to discuss the third question. It is without merit. The record conclusively establishes the fact that plaintiff was on the premises, and in performance of the acts that resulted in his injuries, as an invitee of defendant.

Before discussing defendant's remaining grounds of appeal, questions one and two, we wish to call at-

tention to the special questions submitted to the jury by request of defendant, and the answers of the jury thereto:

"First question: Is each juror convinced by a preponderance of evidence that the platform of the model ladder brought into court by plaintiff is the same size within practical limits as the platform of the ladder which is pictured by the photographs, Exhibits 1 to 5?

"Answer: Yes.

"Second question: Is each juror convinced by a preponderance of evidence that plaintiff fell from a ladder identical within practical limits with the model he brought into court as to height, platform size, and angle between platform and stiles?

"Answer: Yes.

"Third question: Did plaintiff fall from a ladder identical within practical limits as to height, platform size, and angle between platform and stiles with the one pictured by the photographs, Exhibits 1 to 5?

"Answer: Yes.

"Fourth question: Was plaintiff in setting up whatever ladder he used and in picking cherries while standing on the top platform thereof entirely free from negligence that caused or concurred in causing his injuries?

"Answer: Yes."

We believe what we said in the majority opinion in *Finch* v. *W. R. Roach Company,* 295 Mich. 589, 598, is applicable here:

"We are much impressed with defendant's claim that, despite the verdict of the jury, the tipping of the ladder resulted from plaintiff's own carelessness, but we are constrained to hold that the issue was properly submitted to the jury. It is our province as judges to determine whether there is room for the verdict, and at this point our inquiry must end,

even though as triers of the facts we would be impelled to reach a contrary conclusion. From the evidence of the experts that there was a latent defect in the construction of the ladder supplied plaintiff, we cannot say as a matter of law that the circumstances were such that plaintiff was bound to anticipate or discover that there was or might be any such defect in the short time he was to use the article. At least there was room for the jury to find that plaintiff exercised the degree of care required of him for his own safety. *Etel* v. *Grubb*, 157 Wash. 311 (288 Pac. 931). The cases of *Kelley* v. *Brown* 262 Mich. 356, and *Nichols* v. *Bush,* 291 Mich. 473, do not support defendant's contention that plaintiff was contributorily negligent as a matter of law. In neither case was there any proof of negligence on the part of defendant in supplying an improperly designed or out-of-repair ladder. Where there is such evidence of defendant's negligence, and the circumstances are such that the infirmities are not readily discoverable, the question of the user's contributory negligence may properly be submitted to the jury. *Etel* v. *Grubb, supra.*''

We said in *Crippen* v. *Chatterton,* 228 Mich. 532:

''Since the enactment of this provision (3 Comp. Laws 1929, § 14314 [Stat. Ann. § 27.1043]) this court has carefully avoided usurping the functions of the jury and setting aside verdicts solely because they do not comport with our views of what they ought to be, and we have reversed cases under this statute, only in those cases where the verdict is so manifestly against the overwhelming weight of the evidence as that the decision of the trial judge denying the motion for a new trial amounts to an abuse of discretion. But where the verdict is clearly against the overwhelming weight of the evidence our duty is clear, and we have never shirked it even though it was exacting and disagreeable.''

Counsel for appellant has not discussed what consideration, if any, should be given to the special questions submitted to the jury and the answers of the jury thereto. These questions hereinbefore quoted were submitted to the jury by the court upon request of defendant. They were plain and unambiguous and called for findings on questions of fact which were conclusive of the real issues involved in this case. The answers, above noted, to the questions so submitted by defendant's request, if based upon any competent evidence, are binding upon defendant and are conclusive of the issues involved in the instant case. *Pajalich* v. *Ford Motor Co.*, 267 Mich. 418; *Wuerth* v. *Stivers*, 273 Mich. 276; *Beecher* v. *Galvin*, 71 Mich. 391.

From our review of the record in the former appeal and of the additional record submitted for our review on this appeal we find there was competent evidence sustaining the answers of the jury to the special questions, in the rendition of a verdict for the plaintiff, and that the action of the trial judge denying defendant's motion for a new trial was not an abuse of discretion and should be sustained.

Counsel for defendant, both in his brief and oral argument before this court, most vehemently urges error on the part of the trial court in its denial of his motion for a new trial, insisting that the verdict of the jury was clearly against the weight of the evidence, and that the order made on said motion was an abuse of discretion by said court, insisting that the court did not, in its determination, comply with Court Rule No. 47, § 3 (1933). We know of no more concise or emphatic statement that could have been made by the trial judge as a reason for his denial of defendant's motion than that "the court does hereby find that the verdict of the jury was not overwhelmingly against the weight of the evidence

on any of the four grounds set forth in defendant's motion."

The following contention in appellants brief that "It is true that Judge George, immediately after this appeal was taken, supplemented his recorded view by saying, without explanation or statement of reasons as is required by Court Rule No. 47, § 3 (1933), that 'the court does hereby find that the verdict of the jury was not overwhelmingly against the weight of the evidence on any of the four grounds set forth in defendant's motion.' This court will not be so naive, however, as to believe that Judge George's original view of the evidence in this case had changed in the slightest degree. That could hardly be considering the original reason given by Judge George for denying new trial, viz., 'Inasmuch as the Supreme Court of Michigan has held that the issues were properly submitted to the jury, the motion of defendant, W. R. Roach Company, is hereby denied.' It could hardly be considering that, in his post-appeal supplement, he significantly omitted the statement of reasons required by Court Rule No. 47, §3 (1933)," which to our minds suggests that the trial judge, in denying defendant's motion for a new trial, did not act in good faith, is entirely unwarranted and will receive but scant consideration by this court.

The granting of a rehearing or a new trial lies within the sound discretion of the circuit judge. See *Chapin* v. *Cullis*, 299 Mich. 101.

In the case of *Teater* v. *Stratton*, 288 Mich. 302, 305, we said:

"Section 14314, 3 Comp. Laws 1929 (Stat. Ann. § 27.1043), provides among other things that the Supreme Court shall review the decision of the circuit

court in refusing to grant a motion for a new trial, providing error is assigned thereon. In *Leonard* v. *Hey*, 269 Mich. 491 (37 N. C. C. A. 111), we said:

"'We do not substitute our judgment on questions of fact unless they clearly preponderate in the opposite direction.'

"In *Fabbro* v. *Soderstrom,* 252 Mich. 455, the court said:

"'The jury is the trier of the facts. If their verdict is against the clear weight of the evidence, it is the duty of the trial judge to correct it. He has an opportunity to do so in passing on a motion for a new trial. When he has weighed the evidence and approved of the verdict, this court will not disturb it unless there are very clear reasons for doing so. The consideration which this court will give to his judgment is well stated in applicable language of Justice FELLOWS in *Pachuczynski* v. *Railway,* 202 Mich. 594:

"'"But in the determination of the question in this court it must be borne in mind that this court is not the trier of the facts. We cannot invade the province of the jury. It must also be kept in mind that the trial judge heard and saw the witnesses, was in a position to judge of their credibility and their mental capacity; that the presumption that he correctly measured them must be considered, and that we may not set aside a verdict unless it is manifestly against the clear weight of the evidence."'"

The contention of defendant on this appeal that the additional record here shows that "The trial court erred in denying defendant's motion for new trial for assigned reason that the verdict was contrary to the clear weight of the evidence in that the proofs overwhelmingly showed, despite the guesses and estimates of plaintiff's witnesses, that the ladder from which plaintiff fell differed radically and vitally from plaintiff's model ladder," cannot be sus-

tained. The evidence on this proposition was, indeed, conflicting. However, there was evidence, which was evidently believed by the jury, that warranted affirmative answers by it to questions 1 to 3, inclusive.

We might further add, though it be a reiteration of what we in effect said in the majority opinion on the former appeal, that the record does not justify the conclusion that plaintiff was guilty of contributory negligence as a matter of law.

The judgment for plaintiff is affirmed, with costs to plaintiff.

Bushnell, Boyles, Starr, and Butzel, JJ., concurred with Chandler, J.

North, J. (*dissenting*). The record now before us in this case is the same on the issue of contributory negligence as it was on the former appeal. See 295 Mich. 589. The minority opinion there reported held that plaintiff was guilty of contributory negligence as a matter of law. If plaintiff was guilty of contributory negligence as a matter of law, surely a verdict in his favor was both contrary to law and to the clear purport and the weight of the evidence. That was the legal status of the case, under the holding in the minority opinion, when the case was remanded. Subsequent to entry of judgment on the verdict in accord with our remand, defendant's motion for a new trial, based in part on the ground that the verdict was contrary to the great weight of evidence, was denied by the trial judge. The present appeal is by defendant from that ruling. The record being the same as on the former appeal, I can find no justification for departing from the conclusion reached in the minority opinion formerly reported; and on that ground it should be held that

the trial court was guilty of an abuse of discretion in denying defendant's motion for a new trial. The order denying a new trial should be vacated and a new trial granted. Appellant should have costs of this Court.

SHARPE, C. J., and WIEST, JJ., concurred with NORTH, J.