[No. 38563.    Department Two.    March 3,1966.]

DONALD L. ROSENDAHL, *Appellant*, v. LESOURD METHODIST CHURCH, *Respondent.**

*Robert G. Griffin* (of *Johnson, Griffin, Boyle & Enslow*), for appellant.

*Vernon R. Pearson* (of *Davies, Pearson, Anderson & Pearson*), for respondent.

LANGENBACH, J.†—Appellant sued for damages sustained when he fell from a ladder. He alleged negligence in furnishing him with a defective ladder for use in making repairs

*Reported in 412 P.2d 109.

†Judge Langenbach is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

to the basement wall of the church. The church admitted he was making some repairs, but denied any negligence; it affirmatively alleged contributory negligence, assumption of risk and charitable immunity.

Appellant is not a member of the church but was secretary of its men's Club, which, from time to time, made repairs to the church property and furnished other incidental services. On February 16, 1963, he and a church member (a salesman) appeared to repair a crack in the basement wall. A ladder was needed. Two ladders were found in the basement, an 8-foot ladder and a 5-foot one. Appellant selected the shorter one as more convenient. Without inspecting it, but noting that one leg had been strengthened, he placed it in a corner. He climbed the ladder, measured the crack and came down. After deciding to measure it again, he climbed to the third step when the ladder gave way to the right and he fell to the left, fracturing a bone in his left foot. The ladder was a four-legged step-ladder, 25 or 30 years old, and had been given to the church in 1958 or 1959.

Appellant testified that, when he placed the ladder in the corner, it appeared steady and did not wobble. When he examined it after his fall, he saw one leg in the back was shorter than the other. He stated there was about a quarter of an inch play in each hole in which stabilizing metal bands (going from each of the back legs to a front one) were connected, but he had not noticed this when he used the ladder. He testified he was relatively experienced in the use of ladders, and had taken his own tools and cement for this repair job. He had just set the ladder down and gotten on it without making tests.

A witness testified that he had given the ladder to the church; it had been broken and repaired some 8 years before the accident; and it was in the same condition at the time of the accident as when he gave it to the church.

Appellant assigned error in granting the motion of dismissal and in failing to submit the issue of his contributory negligence to the jury as an issue of fact.

In sustaining a challenge to the sufficiency of the evidence, it is almost axiomatic that the appellate court is obliged to consider the evidence in the light most favorable to appellant and to give him the benefit of every favorable inference which can reasonably be drawn from such evidence. *Knight v. Borgan,* 52 Wn.2d 219, 324 P.2d 797 (1958).

> [T]he essential elements of actionable negligence are (1) the existence of a duty, (2) a breach thereof, and (3) a resulting injury. *Christensen v. Weyerhaeuser Timber Co.,* 16 Wn.2d 424, 434, 133 P.2d 797 (1943).

On the question of contributory negligence,

> [T]he inquiry is whether or not he exercised that reasonable care for his own safety which a reasonable man would have used under the existing facts and circumstances, and, if not, was his conduct a legally contributing cause of his injury. *Heinlen v. Martin Miller Orchards, Inc.,* 40 Wn.2d 356, 360, 242 P.2d 1054 (1952).

Appellant cites the cases of *Ward v. Thompson,* 57 Wn.2d 655, 359 P.2d 143 (1961), and *Haugen v. Central Lutheran Church,* 58 Wn.2d 166, 361 P.2d 637 (1961); both involved scaffolds which had been negligently constructed; they are manifestly not apposite here. The inquiry is whether appellant acted as a prudent man. Appellant also cites *Etel v. Grubb,* 157 Wash. 311, 288 Pac. 931 (1930), where the complainant was injured when he fell from a 10-foot orchard ladder; the ladder had a "shimmy" which was not readily observable. On page 314, the court said:

> It is undoubtedly the law that an experienced adult employee in possession of his ordinary faculties assumes the usual and ordinary risk incident to the use of a simple tool or other instrumentality which is in his exclusive control, in cases where the employee suffers injury from such tool or appliance.

The trial court held as a matter of law that the appellant was guilty of contributory negligence.

In orally granting the motion of dismissal, the court said, "This is not a latent defect. This is something that is open and apparent as to anything that might be wrong with this ladder." The court thought the defect, which appellant

should have known, was the complete and apparent defective condition of the ladder. "It is apparent that if he sets it up just anyplace it is going to be wobbly."

What was said in the *Etel* case, *supra*, is conclusive here. The appellant was an adult in possession of his faculties, and experienced in the use of tools and ladders. He was more experienced with ladders than his fellow worker, a salesman. He chose to use the shorter ladder. He noticed that it was patched and old. Without further inspection, he climbed it twice; as he reached the third step of the second ascent, he leaned to the left to measure the crack in the wall, the ladder toppled to the right, and appellant fell, fracturing his left foot. It could be easily seen that the ladder was old and had been patched. In handling it, he could have easily observed that it was wobbly. Yet he mounted it without further inspection. None is so blind as he who will not see and observe that which is open and obvious. Having deliberately chosen to perform this task in this manner, appellant alone must be held responsible for its natural consequences, his own injury.

The judgment of dismissal is affirmed.

ROSELLINI, C. J., DONWORTH, FINLEY, and WEAVER, JJ., concur.