# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| MICHAEL TEFFT and ANGELA TEFFT, husband and wife, and Washington residents, and | No. 54038-0-II |
| DAWN ALLEN and JASON HAENKE, Washington residents, | |
| Respondents, | UNPUBLISHED OPINION |
| v. | |
| RICHARD C. BARBER, and DEBRA L. CURTIS, Washington residents, | |
| Appellants, | |
| and | |
| BRADLEY STUTLAND, a Washington resident, and tenant to Appellants, | |
| and | |
| SANDRA LIVINGSTON, a Washington resident, and tenant of Appellants. | |
| Additional Parties. | |

SUTTON, J. — This appeal arises from a property dispute concerning three easements. Michael and Angela Tefft and Dawn Allen and Jason Haenke (hereinafter property owners) now own the property allegedly subject to the three easements, respectively parcels B and E. Richard Barber and Debra Curtis previously owned the parcels and granted the easements. The superior

court ruled that the three easements by Barber and Curtis were invalid and terminated them, ordered that Barber and Curtis's tenant(s) vacate the land owned by the property owners, granted partial summary judgment, and certified the case for interlocutory review under CR 54(b). Barber and Curtis appeal the CR 54(b) order, the order for partial summary judgment to the property owners, the order on entry of final judgment, and the order denying reconsideration.

We hold that the superior court did not err by (1) adopting the requisite findings of fact and entering the CR 54(b) order, (2) granting partial summary judgment to the property owners and invalidating the three easements, or (3) denying Barber and Curtis's motion for reconsideration. We affirm the superior court's orders for entry of a final judgment, for partial summary judgment, and for denial of reconsideration.

## FACTS

### I. BACKGROUND

This map demonstrates where each parcel is located:



Clerk's Papers (CP) at 658.

A. CURRENT AND FORMER PROPERTY OWNERS: PARCELS B AND E

At the time of the three easements at issue on appeal, Curtis owned parcel B to the west and Barber owned parcel E to the east and parcels A and C to the north. Parcels B and E share a

property line. A cabin[1] straddles the property line between parcels B and E. In July 2010, Curtis granted a cottage easement to Barber allowing him use of a cabin that was built over both parcels.

Barber's property, parcel E, was foreclosed in September 2010, and Curtis's property, parcel B, was subject to sale in lieu of foreclosure in November 2010. After Barber and Curtis lost their properties, they claimed the easements gave them ongoing rights despite the loss of their parcels, and they relied on the easements to rent out the cottage.

The Teffts now own parcel B. Allen and Haenke now own parcel E.

B. EASEMENTS

1. The First Cottage Easement

Barber and Curtis both granted the first cottage easement over both parcels B and E. The first cottage easement (No. 200906260301) stated that it was granted from "GRANTOR: RICHARD C. BARBER (PARCEL(S): A, C, E) [AND] DEBRA L. CURTIS (PARCEL B)," to "GRANTEE: RICHARD C. BARBER (PARCEL C)," filed on June 26, 2009. CP at 44 (capitalization altered). At the time this easement was issued, Curtis owned parcel B and Barber owned parcel E.

2. The Access Easement

At the same time that the first cottage easement was granted, Barber (parcel E) and Curtis (parcel B) granted an access easement to Barber (parcels A and C). It stated that an access easement (No. 200906260300) was granted from "GRANTOR: RICHARD C. BARBER (PARCEL E) [AND] DEBRA L. CURTIS (PARCEL B)," to "GRANTEE: RICHARD C. BARBER (PARCEL(S) A AND C)," filed on June 26, 2009. CP at 51 (capitalization altered).

---

[1] This structure is referred to as both a "cabin" and a "cottage" throughout the record. Thus, our opinion refers to it by either title where appropriate.

3. The Second Cottage Easement

The second cottage easement (No. 201007160586) filed on July 16, 2010, was granted solely from Curtis to Barber. At that time, Curtis still owned parcel B and Barber still owned parcel E. The second cottage easement stated in relevant part:

> There is a cottage constructed on a portion of Parcel B, which Mr. Barber owns. The purpose of this Easement Agreement is to grant Mr. Barber an easement for the cottage on Parcel B.

> The easement allows the cabin to occupy Parcel B as well as gives the Grantee the right to use an area surrounding the cabin which is depicted on Exhibit B on the PRIZM Surveying Inc. site plan.

CP at 58.

C. HARM CAUSED TO THE CURRENT PROPERTY OWNERS

In support of their motion for partial summary judgment, the current property owners filed detailed declarations. They described the problems created by Barber's and Curtis's misuse of the three easements and related issues with the tenant living in the cabin including access to the cabin. The issues included maintenance, taxes and insurance, security issues, misplaced mail, yelling, trespassing, blocking the driveway, trash pickup, property damage, threats, and other similar actions.

Barber and Curtis routinely yelled at the property owners. The Teffts' children were afraid to play outside. Barber's and Curtis's misuse of the easements jeopardized the current property owners' security because they rented out the cottage without informing the property owners.

Barber, his tenant, and their pets repeatedly trespassed on the Teffts' property, outside the easement areas. Barber's tenant blocked the driveway with vehicles. Tenant mail and packages

were misdelivered to the property owners and tenant trash pick-up was incorrectly billed to the Teffts because there was no legal address to distinguish the cabin from the Teffts' home.

Barber and Curtis "threaten[ed] to turn the cottage into an [a]irbnb [rental] or offer it as a homeless shelter." CP at 24. The property owners feared that this type of use would further heighten their privacy and security concerns regarding their homes.

Barber and Curtis repeatedly damaged the Teffts' property. Curtis ran over driveway light fixtures with her car and threatened to remove the security gate the Teffts installed along their rear property line after they were robbed. Barber and Curtis drove over their yard. Barber failed to pay for the water bill associated with the cottage, causing the Teffts to pay over $2,300 for cottage water bills dating back to 2014 on Barber's behalf just to keep the water running to their own home.

Barber and Curtis claimed that they owned the cottage. The property owners responded that the ownership of parcel B and parcel E was a matter of public record, along with the responsibility for the corresponding property taxes.

## II. PROCEDURAL HISTORY

The property owners filed their motion for partial summary judgment on March 1, 2019. On March 29, the superior court granted partial summary judgment. The court determined that the three easements were invalid and may be terminated by the property owners. The court ordered Barber and Curtis to vacate the invalid easements within 30 days and to post a bond until they vacated to protect the property owners from further liability and property damage.

On August 16, 2019, the superior court certified its order under CR 54(b) for interlocutory appellate review and adopted the requisite findings of fact and conclusions of law. The court

explained that the "over-arching issue" concerning the invalidity of easements, "if upheld, would bring finality to the case." Verbatim Report of Proceedings (VRP) (Aug. 16, 2019) at 9, 10. The court ruled that the validity of the easements, as well as the consequences of any invalidity were appropriate issues for interlocutory appellate review. The court also explained that it would retain jurisdiction over remaining issues because they have not yet been addressed and were not appropriate for interlocutory appellate review. Thus, the scope of this appeal is limited to the invalidity of the three easements and the consequences of any invalidity.

Barber and Curtis appeal the order on CR 54(b), the order on entry of final judgment, the order denying their motion for reconsideration, and the order for partial summary judgment.

## ANALYSIS

### I. STANDARDS OF REVIEW

#### A. CR 54(b) STANDARD

We review CR 54(b) orders for an abuse of discretion. *Hulbert v. Port of Everett*, 159 Wn. App. 389, 404, 245 P.3d 779 (2011). A court abuses its discretion when its decision is "manifestly unreasonable, or the discretion [is] exercised on untenable grounds or for untenable reasons." *Nelbro Packing Co. v. Baypack Fisheries, LLC*, 101 Wn. App. 517, 525, 6 P.3d 22 (2000). We give the superior court's judgment substantial deference. *Nelbro*, 101 Wn. App. at 525.

#### B. SUMMARY JUDGMENT STANDARD

We review an order granting partial summary judgment de novo, engaging in the same inquiry as the superior court. *Dunnington v. Virginia Mason Med. Ctr.*, 187 Wn.2d 629, 637, 389 P.3d 498 (2017). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). We construe all facts and their reasonable inferences in the light most favorable to the nonmoving party. *Dunnington*, 187 Wn.2d at 638. A party moving for summary judgment bears the burden of demonstrating that there is no genuine issue of material fact. *Young v. Key Pharm., Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989). If the moving party satisfies its burden, the nonmoving party must present evidence demonstrating that a material fact remains in dispute. *Young*, 112 Wn.2d at 225. If the nonmoving party fails to demonstrate that a material fact remains in dispute, and reasonable persons could reach but one conclusion from all the evidence, then summary judgment is proper. *Dunnington*, 187 Wn.2d at 638.

## II. CR 54(b) ORDER: INVALIDITY OF THE EASEMENTS

Barber and Curtis argue that the superior court erred by entering the CR 54(b) order. They argue that the court erred by not entering proper findings of fact and erred by limiting the issues for interlocutory appellate review to the invalidity of the three easements.[2] We reject these conclusory arguments and hold that the superior court properly made the required findings and correctly entered its CR 54(b) order limiting the appeal to the invalidity of the three easements.

To certify an issue for interlocutory appellate review under CR 54(b), a superior court must determine: (1) there is "more than one claim for relief or more than one party against whom relief is sought;" (2) there is "an express determination that there is no just reason for delay;" (3) enter

---

[2] They also argue over the court's use of the term "issue" in the order, claiming that it should have used the term "claim" under CR 54(b). Appellants' Br. at 19. We do not address this conclusory argument. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

"written findings supporting the determination that there is no just reason for delay;" and (4) there is "an express direction for entry of the judgment." *Nelbro*, 101 Wn. App. at 523; CR 54(b).

The superior court correctly found that the first element is indisputably met because there are multiple claims or issues involved in this litigation, some of which the court did not approve for review at this stage.

The court then correctly found that the second element, "an express determination that there is no just reason for delay," was met. *Nelbro*, 101 Wn. App. at 523. It concluded that "certification does not prejudice the remaining claims and actually helps to narrow the issues remaining for the [s]uperior [c]ourt to resolve." CP at 563. Accordingly, the second element has been met.

The court next addressed the third element, "written findings supporting the determination that there is no just reason for delay," by correctly adopting the findings of fact and conclusions of law submitted by the property owners to support the CR 54(b) order. *Nelbro*, 101 Wn. App. at 523. The court then correctly confirmed there was no just reason to delay review of its order and that entry of a CR 54(b) order for appeal was appropriate. Barber and Curtis do not assign error to any of the court's findings of fact. Accordingly, the findings are verities on appeal. *Humphrey Indus., Ltd. v. Clay St. Assocs., LLC*, 176 Wn.2d 662, 675, 295 P.3d 231 (2013). The findings in turn support the court's conclusion that there is no reason for delay. Accordingly, the third element has been met.

Fourth, after granting partial summary judgment, the court correctly directed entry of a judgment in favor of the property owners as to the invalidity of the easements. Because the superior court met all four elements required for entry of a CR 54(b) order, we hold that it did not err.

## III. PARTIAL SUMMARY JUDGMENT ORDER

A. STANDING

Barber and Curtis argue that the superior court erred by granting partial summary judgment to the property owners because they lack standing. We disagree and hold that the property owners have standing.

1. Common Law Standing

"'To have standing, one must have some protectable interest that has been invaded.'" *Satomi Owners Ass'n v. Satomi, LLC*, 167 Wn.2d 781, 812, 225 P.3d 213 (2009) (quoting *Orion Corp. v. State*, 103 Wn.2d 441, 455, 693 P.2d 1369 (1985)). We apply "a two-part test for determining whether a party has standing to bring a particular action." *Branson v. Port of Seattle*, 152 Wn.2d 862, 875, 101 P.3d 67 (2004). "First, we ask whether the interest asserted is arguably within the zone of interests to be protected by the statute or constitutional guaranty in question." *Branson*, 152 Wn.2d at 875. "Second, we consider whether the party seeking standing has suffered from an injury in fact, economic or otherwise." *Branson*, 152 Wn.2d at 876. Both prongs must be met. *Branson*, 152 Wn.2d at 876.

First, the property owners have suffered the loss of peace, privacy, security, and the quiet use and enjoyment of their homes because of the easements involved in this case. The property owners have submitted sworn declarations asserting how Barber's and Curtis's misuse of the

easement has caused them distress and anguish. The comfort and sense of safety a person feels in their home is inarguably within the zone of interest in a case regarding a real property dispute. Thus, the first part of the test has been met.

Second, the property owners suffered "from an injury in fact, economic or otherwise," because Barber and Curtis disturbed their quiet use and enjoyment of their homes with loud confrontations, by intimidating the property owners from accessing their property within the easement areas, by destroying objects of private property, by forcing the property owners to incur debt due to unpaid public utilities, and by bringing noise and traffic onto their private property. *Branson*, 152 Wn.2d at 876; CP at 23-25, 134-37. Thus, the second part of the test has been met.

Because both parts of the two-part test required for a party to have standing are met, we hold that the superior court did not err by proceeding on the merits of the partial summary judgment motion by the property owners.[3]

2. UDJA Standing

Because the property owners seek declaratory relief, we also consider the limitations of the UDJA, chapter 7.24 RCW, which governs declaratory judgments in Washington. *Branson*, 152 Wn.2d at 877. The UDJA affords broad recourse to any person affected by an instrument like an easement, and thus, courts will review the claim of a person affected by its validity. Standing under the UDJA requires that a party present a justiciable controversy:

---

[3] Barber and Curtis argue that the property owners should be estopped from questioning the validity of the easements. However, as discussed in more detail below, the UDJA affords broad recourse to any person affected by an instrument like an easement, and thus, courts will review the claim of a person affected by its validity. Accordingly, we decline to address this argument further because the property owners have standing.

> "(1) . . . an actual, present and existing dispute, or the mature seeds of one, as distinguished from a possible, dormant, hypothetical, speculative, or moot disagreement, (2) between parties having genuine and opposing interests, (3) which involves interest that must be direct and substantial, rather than potential, theoretical, abstract or academic, and (4) a judicial determination of which will be final and conclusive."

*Branson*, 152 Wn.2d at 877 (emphasis omitted; alteration in original; internal quotation marks omitted) (quoting *To–Ro Trade Shows v. Collins*, 144 Wn.2d 403, 411, 27 P.3d 1149 (2001)).

The first element is met because there is a dispute between the property owners and Barber and Curtis as to the validity of the easements. The second element is met because the property owners are interested in the invalidity of the easements and Barber and Curtis are interested in the exact opposite. The third element is met because the controversy in this case involves access to real property. Finally, the fourth element is met because a judicial determination will establish the validity or invalidity of the easements at issue.

Because all four elements required for a party to have standing under the UDJA are met, we hold that the superior court did not err by proceeding on the merits of the partial summary judgment motion by the property owners.

B. TERMINATION OF INVALID EASEMENTS

Barber and Curtis next argue that the superior court erred by determining that "since the [e]asements are invalid, . . . they can be terminated by the current [p]roperty [o]wners" because there was a notation of the second cottage easement on the property owners' deeds that revived Barber's interest in the easement.[4] Appellants' Br. at 22 (quoting CP at 441). We disagree.

First, the first cottage easement and the access easement are invalid to the extent that Barber was both the grantor and the grantee of the easements. A person cannot have an easement in his or her own property. *Coast Storage Co. v. Schwartz*, 55 Wn.2d 848, 853, 351 P.2d 520 (1960); *Johnson v. Lake Cushman Maint. Co.*, 5 Wn. App. 2d 765, 778, 425 P.3d 560 (2018). Therefore, the grantor and the grantee of an easement cannot be the same person. *Johnson*, 5 Wn. App. 2d at 778 n.7; *see also* 17 WILLIAM B. STOEBUCK & JOHN W. WEAVER, WASHINGTON PRACTICE: REAL ESTATE: PROPERTY LAW § 2.1 at 83 (2d ed. 2004) (stating the principle that "a grantor cannot grant an easement in favor of herself where she owns what would be both the dominant and servient parcels").

Second, in the second cottage easement, Curtis could not grant an easement over a portion of parcel E because she did not own that parcel. A person cannot grant an easement over property that she does not own because easements can only be granted by the servient estate owner. *See Johnson*, 5 Wn. App. 2d at 778.

---

[4] Barber and Curtis appear to ask this court to grant them an easement by necessity. Because this issue is beyond the scope of the CR 54(b) order, we decline to address this further.

Third, the second cottage easement is invalid because it purports to grant an easement to a building. The second cottage easement stated in relevant part:

> There is a cottage constructed on a portion of Parcel B, which Mr. Barber owns. The purpose of this Easement Agreement is to grant Mr. Barber an easement for the cottage on Parcel B.

> The easement allows the cabin to occupy Parcel B as well as gives the Grantee the right to use an area surrounding the cabin which is depicted on Exhibit B on the PRIZM Surveying Inc. site plan.

CP at 58. "'An easement is a property right separate from ownership that allows the *use of another's land* without compensation.'" *Johnson*, 5 Wn. App. 2d at 778 (emphasis added) (internal quotation marks omitted) (quoting *Hanna v. Margitan*, 193 Wn. App. 596, 606, 373 P.3d 300 (2016)). "Use of another's land" means that one person is conveying to another person the use of the first person's land. *See* Johnson, 5 Wn. App. 2d at 778. An easement may not be granted strictly for use of a building because an easement is by definition a nonpossessory right to use the land of another. *See Johnson*, 5 Wn. App. 2d at 778.

This easement is not valid because it attempts to grant Barber an easement for use of a building, the cottage, which cannot legally be done. *Johnson*, 5 Wn. App. 2nd at 778.

Because there was never a valid easement to begin with, we hold that the superior court did not err by determining that "since the [e]asements are invalid . . . they can be terminated by the current [p]roperty [o]wners." CP at 441.

### IV. SUPERIOR COURT'S DENIAL OF THE MOTION FOR RECONSIDERATION

Barber and Curtis argue that the superior court erred by denying their motion for reconsideration. We disagree.

14

We review orders on motions for reconsideration for an abuse of discretion. *Fed. Home Loan Bank of Seattle v. RBS Sec., Inc.*, 3 Wn. App. 2d 642, 648, 418 P.3d 168 (2018), *vacated in part on other grounds on remand*, 12 Wn. App. 2d 1055 (Mar. 16, 2020). The superior court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or reasons. *Fed. Home Loan Bank*, 3 Wn. App. 2d at 648.

Here, Barber and Curtis filed a motion for reconsideration following the superior court's issuance of the order granting partial summary judgment. In this motion, they reiterated the arguments they raised in opposition to the property owners' motion for summary judgment. The superior court orally denied the motion for reconsideration, ruling simply that

> I'm making no change to my former decision. I'm confirming my former decision. There shall be a surety bond, and that's all I have to say. Thank you.

VRP (April 19, 2019) at 19.

As discussed above, the superior court did not err by granting partial summary judgment to the property owners. It logically follows that the court also did not err by denying Barber's and Curtis's motion for reconsideration. Accordingly, we affirm the superior court's denial of this motion for reconsideration.

## CONCLUSION

We hold that the superior court did not err by (1) adopting the requisite findings of fact and entering the CR 54(b) order, (2) granting partial summary judgment to the property owners and invalidating the three easements, or (3) denying Barber's and Curtis's motion for reconsideration. We affirm the superior court's orders for entry of a final judgment, for partial summary judgment, and order denying reconsideration.

No. 54038-0-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

GLASGOW, A.C.J.

MAXA, J.