IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| SARAH GRISWOLD, individually, | No. 81444-3-I |
| Respondent, | DIVISION ONE |
| v. | |
| FRED MEYER STORES, INC., an Ohio corporation registered to do business in Washington, | UNPUBLISHED OPINION |
| Appellant. | |

CHUN, J. — A dolly fell on Sarah Griswold's foot at a Fred Meyer store. Because of her resulting injury, Griswold sued Fred Meyer for negligence. At her deposition, Griswold testified that an employee placed a dolly on an overloaded shopping cart, moved the cart, and the dolly fell on her foot. Griswold moved for summary judgment on liability, submitting video surveillance footage of the incident. The trial court granted the motion. The matter proceeded to trial on damages. A jury rendered a $2.73 million verdict in Griswold's favor.

Fred Meyer appeals and submits an abridged and annotated version of the video surveillance footage that was not before the trial court. For the first time on appeal, it claims the video surveillance footage contradicts Griswold's testimony about the events leading to her injury, so the trial court improperly entered summary judgment in her favor. It also raises various other arguments supporting reversal of summary judgment.

Citations and pin cites are based on the Westlaw online version of the cited material.

Since Fred Meyer failed to raise its argument related to the video surveillance footage below, we disregard it. And we affirm the trial court's grant of summary judgment.

## I. BACKGROUND

Griswold went to a Fred Meyer store. While browsing the cosmetics aisle, she stood next to a shopping cart that workers were using to restock the shelves. A Fred Meyer employee (Coral)[1] approached the cart, placed something on it, pulled it away, and then a wooden dolly fell on Griswold's foot. Coral picked up an item that had fallen, placed it back in the cart, and carried the dolly away. Griswold waited a while in the aisle for Coral to help her; when she did not, Griswold went to a cashier, who called a manager about the accident. The manager filled out an accident report and gave Griswold an ice pack.

Because of the severity of the injury to her foot, Griswold sued Fred Meyer for negligence. In a deposition, she testified that out of the corner of her eye, she saw Coral approach the cart, place the dolly in the cart on top of a stack of boxes, go to the other side of the cart, and pull the cart away. She testified that once Coral pulled the cart away, the dolly fell on her foot. She testified that she did not know how the dolly was oriented on the cart, and said that it could have even been under the boxes. She testified that she never touched the cart or dolly. And at her deposition, Griswold appeared to concede that her recollection of the event was hazy:

---

[1] Fred Meyer refers to the worker involved in the incident as Coral because of the color of her vest in the video. It claims not to know her name.

Q: Okay. Let me ask it this way. What was it on before it fell?

A: Another cart.

Q: Was it—

A: I feel like it might have been a shopping cart, but I'm not 100 percent positive.

And:

Q: Okay. And when you got to the aisle, the cart that had the dolly on it was already there?

A: It didn't have the dolly on it when I got there. She picked it up and put it on there.

Q: Okay. Did you see her do that?

A: Yeah, I watched her—I could see out of the corner out of my eye she was picking up stuff, and that was the last thing she put on top.

Q: Okay. Where did the dolly—where did she pick it up from?

A: I don't know. I didn't see it before that. It could have been leaning against the cart or the shelf or behind the cart. I wasn't—

Q: Did she bring the dolly into the aisle with her?

A: That's possible as well.

Griswold moved for summary judgment. She submitted video surveillance footage of the incident and included stills from the video in her summary judgment motion. In response, Fred Meyer claimed that there were questions of fact as to whether Griswold was contributorily negligent. Fred Meyer did not assert that the video contradicts Griswold's testimony. Griswold said for the first time in her reply in support of summary judgment that the doctrine of res ipsa loquitur applied to her negligence claim. The trial court granted Griswold's summary judgment motion and dismissed Fred Meyer's affirmative defense of contributory negligence.

After a trial for damages, the jury returned a $2,732,171 verdict in Griswold's favor. Fred Meyer moved for a new trial and in the alternative for remittitur, which motions the trial court denied.

Fred Meyer now appeals. It says for the first time that the video surveillance footage of the incident contradicts Griswold's deposition testimony about the incident, so we should reverse the trial court's grant of summary judgment on liability.

## II. ANALYSIS

Fred Meyer says that because the video surveillance footage contradicts Griswold's deposition testimony, we should reverse the trial court's grant of summary judgment on liability and enter judgment as a matter of law in its favor. And it says that, even without considering the video, the trial court erred in concluding as a matter of law that Fred Meyer was negligent, and that it presented a genuine issue of material fact that Griswold was contributorily negligent. We disagree on both points.

We review de novo a summary judgment. Blue Spirits Distilling, LLC v. Washington State Liquor & Cannabis Bd., 15 Wn. App. 2d 779, 785, 478 P.3d 153 (2020). Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Id.; CR 56(c). In ruling on a summary judgment motion, a trial court must view the evidence and reasonable inferences from it in the light most favorable to the nonmoving party. Id. "The nonmoving party may not rely on speculation or

argumentative assertions that unresolved factual issues remain." Little v. Countrywood Homes, Inc., 132 Wn. App. 777, 780, 133 P.3d 944 (2006).

A. Physical Facts Doctrine

Fred Meyer says that under the physical facts doctrine, we should disregard Griswold's deposition testimony about the placement of the dolly because the video surveillance footage contradicts it and shows that Coral did not place the dolly on the cart. It raises this issue for the first time on appeal. Fred Meyer submits abridged and annotated clips of the video in support of its claim that the video contradicts Griswold's testimony. Griswold says Fred Meyer waived any claim about the video contradicting her testimony and that it improperly submitted the video clips. Under RAP 9.12, RAP 2.5(a), and RAP 1.2(a), we decline to address this argument, which Fred Meyer has waived.

Under Washington law, "when uncontroverted physical evidence speaks with a force sufficient to overcome contrary testimony, reasonable minds cannot differ, and the physical facts must be followed." State v. Hansen, 30 Wn. App. 702, 707, 638 P.2d 108 (1981). But the physical facts rule has its limits:

> This rule, however, does not apply when the physical facts in evidence go no further than to simply cast doubt upon the credibility of a witness or a party. Shephard v. Smith, 198 Wn. 395, 88 P.2d 601 (1939). On the contrary, to properly apply the rule, the physical facts in evidence must not only be undisputed, they must also be consistent with each other and, when taken together, be manifestly irreconcilable with the countervailing oral testimony. In short, the established and undisputed physical facts must be such as to [irresistibly] lead reasonable minds to but a single conclusion.

Bunnell v. Barr, 68 Wn.2d 771, 775–76, 415 P.2d 640 (1966).

5

Fred Meyer cites Scott v. Harris to support its physical facts theory. 550 U.S. 372, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007). There, the United States Supreme Court held that the lower court erred in relying on a party's assertions about his driving; video footage from a camera on a police car contradicted the assertions. Id. at 380–81. Applying Federal Rule of Civil Procedure 56(c), it held that, "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Id. at 380. "Washington courts treat as persuasive authority federal decisions interpreting the federal counterparts of our own court rules." Young v. Key Pharm., Inc., 112 Wn.2d 216, 226, 770 P.2d 182 (1989).

RAP 9.12

Fred Meyer says its physical facts claim does not violate RAP 9.12. The rule provides, "On review of an order granting or denying a motion for summary judgment the appellate court will consider only evidence and issues called to the attention of the trial court." RAP 9.12. "The purpose of this limitation is to effectuate the rule that the appellate court engages in the same inquiry as the trial court." Wash. Fed'n of State Emps. v. Office of Fin. Mgmt., 121 Wn.2d 152, 157, 849 P.2d 1201 (1993); see also Silverhawk, LLC v. KeyBank Nat'l Ass'n, 165 Wn. App. 258, 265–66, 268 P.3d 958 (2011) (declining to consider arguments raised on appeal that the appellant did not raise on summary judgment). Fred Meyer says that under Mithoug v. Apollo Radio of Spokane, we

need not limit our review to the evidence the trial court expressly considered. 128 Wn.2d 460, 462, 909 P.2d 291 (1996). But in Mithoug, our Supreme Court recognized that, under RAP 9.12, evidence "called to the attention of the trial court" embraces more than evidence merely considered by the trial court. Id. at 462–63 (emphasis omitted). Such a distinction does not help guide our analysis here.

Griswold submitted the video surveillance footage to the trial court. But Fred Meyer made no argument below that the video shows that Coral did not approach the shopping cart with the dolly, or that it does not show Coral placing it on top of the cart. It also did not argue to the trial court that under the physical facts doctrine, the trial court should ignore Griswold's testimony suggesting that Coral placed the dolly on the cart. Thus, RAP 9.12 precludes our consideration of this issue.

### RAP 2.5(a)

Fred Meyer says we should exercise our discretion under RAP 2.5(a) to consider its physical facts claim. RAP 2.5(a) allows an appellate court to refuse to review a claim of error that an appellant did not raise to the trial court. The rule does allow an appellant to raise claimed errors for the first time on appeal under certain circumstances; for example, a claim that the trial court lacked jurisdiction. But no such circumstance exists here.

Also, a court may exercise its discretion to hear issues raised for the first time on appeal that are arguably related to those it raised at trial. Mavis v. King

7

County Pub. Hosp. No. 2, 159 Wn. App. 639, 651, 248 P.3d 558 (2011). But Fred Meyer raised no claim arguably related to the physical facts doctrine below—it stated that Griswold's testimony was insufficient to establish negligence as a matter of law, but did not assert that the court should disregard Griswold's testimony or that it was otherwise inadmissible. Thus, under RAP 2.5(a), we decline to exercise our discretion to hear this issue.

RAP 1.2(a)

Fred Meyer also says, invoking RAP 1.2(a), that we should exercise our discretion to consider its physical facts claim because the interests of justice demand it, since to affirm the grant of summary judgment would be to affirm a falsehood. It says its claim would not cause Griswold unfair surprise because it did not unconditionally accept her recollection of the events below. And it attempts to shift blame for its apparent failure to watch the video to "Griswold's counsel['s] [failure] to fulfill their affirmative obligations" to review the video and accurately reflect its contents. But Fred Meyer cites no law supporting its contention that we should hear this issue under RAP 1.2(a).

"RAP 1.2 allows a court to waive the rules 'to serve the ends of justice,' and courts should 'liberally interpret' the rules 'to promote justice and facilitate the decision of cases on the merits.'" Bergerson v. Zurbano, 6 Wn. App. 2d 912, 926, 432 P.3d 850 (2018) (internal brackets omitted) (quoting RAP 1.2 (a), (c)). A court should exercise its discretion to reach an appeal's merits unless there are compelling reasons not to do so, such as prejudice to the respondent. State v.

Olson, 126 Wn.2d 315, 323, 893 P.2d 629 (1995). A technical violation of the Rules of Appellate Procedure, such as a failure to cite an order in a notice of appeal, will normally be overlooked, particularly where no prejudice results to the other party. Id. at 320–21.

This case does not involve a mere technical violation. Instead, Fred Meyer raises this claim after summary judgment proceedings and a full trial on the issue of damages. Presumably, if Fred Meyer had raised this issue below, Griswold would have had the opportunity to seek testimony from Coral or another Fred Meyer employee. And Fred Meyer even appeared to concede at the summary judgment hearing that an employee placed the dolly on the cart. (Court: "[T]here's no indication that the dolly was on the cart through any other action other than that of a Fred Meyer employee, though; is that right? [Fred Meyer]: That is correct."). The video was at all times in Fred Meyer's possession and issues related to it should have been raised before the trial court. See 2A KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE RAP 1.2 author's cmt. 1 (8th ed. 2014) ("Counsel should not take the provisions of RAP 1.2 and of related rules as an open invitation to disregard the rules").

We decline to exercise our discretion to address Fred Meyer's argument based on the physical facts doctrine, which Fred Meyer raises for the first time on appeal.[2]

---

[2] Given this conclusion, we need not reach Griswold's assertion that RAP 9.11 and RAP 10.3(a)(8) preclude Fred Meyer from raising this issue. And if we reached the issue, it appears the video surveillance footage does not so clearly contradict Griswold's testimony so as to have the physical facts doctrine apply.

9

B. Negligence

Fred Meyer says that even when disregarding the video surveillance footage, Griswold has not established negligence as a matter of law because her testimony does not establish a dangerous condition. It also says that the trial court erred in granting summary judgment because it presented a genuine issue of material fact that Griswold was contributorily negligent. We disagree.

1. Fred Meyer's negligence

To establish a negligence claim, a plaintiff must show (1) existence of a duty, (2) breach of that duty, (3) resulting injury, and (4) a proximate cause between the breach and injury. Tincani v. Inland Empire Zoological Soc'y, 124 Wn.2d 121, 127–28, 875 P.2d 621 (1994). Additionally,

> In the premises liability context with business invitees, [Washington courts] have often applied the standards above alongside Restatement (Second) of Torts § 343 (Am. Law Inst. 1965). This provision reads:
>
> > A possessor of land is subject to liability for physical harm caused to [their] invitees by a condition on the land if, but only if, [they]
> >
> > (a) know[] or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> >
> > (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> >
> > (c) fails to exercise reasonable care to protect them against the danger.

Johnson v. Liquor and Cannabis Bd., 197 Wn.2d 605, 612, 486 P.3d 125 (2021) (citations omitted) (quoting RESTATEMENT (SECOND) OF TORTS § 343 (Am. Law Inst. 1965)).

Fred Meyer says that <u>Las v. Yellow Front Stores, Inc.</u> requires reversal of summary judgment. 66 Wn. App. 196, 831 P.2d 744 (1992). There, five or six cast iron frying pans fell off a low shelf in a store, and at least one fell on the plaintiff's foot after she took a cast iron pan off the top of a stack of pans. <u>Id.</u> at 197. Because the plaintiff alleged no facts showing a dangerous condition besides her own belief "that the pans must have been unbalanced or precariously stacked," the court affirmed the trial court's grant of the defendant's summary judgment motion against the plaintiff's negligence suit. <u>Id.</u> at 198–99.

Citing <u>Las</u>, Fred Meyer says that Griswold has not established a dangerous condition. But here, unlike <u>Las</u>, where there was no evidence of a dangerous condition, Griswold's testimony establishes that Coral (1) placed the dolly on top of a shopping cart in an unsecured manner next to a shopper, and (2) shifted the cart in a manner that caused it to fall. Thus, she has shown a dangerous condition. The trial court did not err in granting summary judgment on these grounds.[3]

---

[3] Griswold makes arguments relating to Fred Meyer's duty to her as a business invitee and Fred Meyer's notice of the dangerous condition. Fred Meyer says these questions are not at issue, and it appears these arguments do not address the subject of the appeal. Instead, as Fred Meyer makes clear, its claim is that Griswold did not establish the existence of a dangerous condition.

And given our conclusion about negligence, we need not reach the parties' contentions about whether res ipsa loquitur might also apply to Griswold's claim.

2. Contributory negligence

Fred Meyer says it established a genuine issue of material fact that Griswold was contributorily negligent because Griswold chose to stand next to the shopping cart while Coral used it for restocking.

"In determining a plaintiff's contributory negligence, 'the inquiry is whether or not [they] exercised that reasonable care for [their] own safety which a reasonable [person] would have used under the existing facts and circumstances, and, if not, was [their] conduct a legally contributing cause of [their] injury.'" Dunnington v. Virginia Mason Med. Ctr., 187 Wn.2d 629, 637–38, 389 P.3d 498 (2017) (quoting Rosendahl v. Lesourd Methodist Church, 68 Wn.2d 180, 182, 412 P.2d 109 (1966)). Comparative negligence is a factual question unless the facts are such that all reasonable persons must draw the same conclusions from them, in which instance it is a question of law. Id. at 638. A patron must exercise reasonable care while navigating a store's floors and aisles. Smith v. Manning's, Inc., 13 Wn.2d 573, 576–77, 126 P.2d 44 (1942). "If there are obvious pitfalls or dangers in the way, it is the patron's duty to take measures to avoid them." Id. at 577.

Griswold said that one should "stay a little bit away from" and not touch items being loaded or unloaded from a cart. Indeed, Griswold said she stood a "couple feet" away from the cart and did not touch the cart or dolly. And the video does not show her manipulating the cart or dolly. Other than implying Griswold should have stood even further away from the cart—though, it does not

say how far—Fred Meyer does not explain how Griswold failed to exercise reasonable care by standing a couple of feet away from the cart.  Because no evidence supports Fred Meyer's comparative negligence affirmative defense, we conclude the trial court did not err in dismissing it on summary judgment.

We affirm.

_Chun, J._

WE CONCUR:

_Dwyer, J._       _Mann, C.J._