# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| JANICE GREENLEE,<br><br>               Appellant,<br><br>        v.<br><br>MATTHEW F. BARNES, Personal<br>Representative of the Estate of Barnes,<br><br>               Respondent. | No. 84374-5-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

MANN, J. — This appeal arises from a breach of contract claim asserted by Janice Greenlee against Matthew Barnes, the personal representative of the estate of Brooke Barnes (Estate).[1] Greenlee appeals the trial court's grant of summary judgment dismissing her complaint. Greenlee argues that the trial court erred because she can recover damages for the Estate's breach of contract under Washington's real estate brokers and managing brokers act, chapter 18.85 RCW. We disagree and affirm.

---

[1] Because Brooke Barnes and respondent Matthew Barnes share the same last name, this opinion will use their first names for clarity.

I.

Greenlee first met Brooke in 1993, and they became friends. Brooke was a real estate developer. In late 2017 to early 2018, Brooke encouraged Greenlee to participate in the real estate business and obtain a real estate brokerage license. In 2018, Greenlee began obtaining a real estate brokerage license in Arizona and obtained her license in January 2019.

In spring 2019, Brooke proposed to Greenlee that, if she obtained a Washington license, he would use her for his real estate listings. Greenlee agreed, and on June 7, 2019, Brooke and Greenlee entered into a "Listing Broker Exclusive Employment Agreement" (Agreement) that contained these terms:

> Seller: Brooke Barnes, The Estate of Brooke Barnes, Any LLC formed on or upon behalf of Brooke Barnes, and any party hereto.
>
> Broker: Janice Greenlee
>
> Term: This agreement shall commence on 06/07/2019 and expire at 11:59 pm on 06/06/2024
>
> Employment: Broker agrees to list all Residential, Land and Commercial property on behalf of client. Broker shall also negotiate at Seller's direction to obtain acceptable terms and conditions for the purchase, exchange, sale, option or lease of the Properties owned on behalf of the above referenced client. Broker shall also assist [S]eller during the transaction within the scope of Broker['s] expertise and licensing.
>
> Compensation: Seller agrees to compensate Broker as follows:
>
> The amount of compensation shall be 3% or the compensation Broker receives from the buyer or buyer's Broker, whichever is greater. Broker's compensation shall be paid at the time of and as a condition of closing or as otherwise agreed upon in writing.
>
> Seller agrees to pay such compensation if within 365 calendar days after the termination of this agreement Seller/Lessor enters into an agreement to sell, purchase, exchange, option or lease any property previously listed

by Broker, or negotiated by Broker on behalf of above referenced client, during the term of this agreement.

If completion of any transaction is prevented by Seller/Lessor's breach, the total compensation shall be due and payable by the Seller.

On February 18, 2020, Greenlee obtained a Washington Real Estate Brokerage License.

Before Brooke and Greenlee worked together, Brooke's health deteriorated, and he unexpectedly died on November 26, 2020. After Brooke's death, Brooke's nephew, Matthew Barnes, became the personal representative of the Estate. Matthew notified Greenlee that he had found a copy of the Agreement and regarded the document as not creating enforceable rights in Greenlee's favor against Brooke or his estate. As a result, Greenlee filed a creditor's claim based on the Agreement. Matthew rejected Greenlee's claim.

In his role as personal representative, Matthew sold four commercial real estate properties that were previously owned by Brooke following his death. Matthew did not use Greenlee as the listing broker for any of these transactions.

Greenlee sued Matthew for breach of contract. The trial court granted Matthew's motion for summary judgment and dismissed all claims asserted by Greenlee with prejudice. The trial court found that Greenlee could not collect compensation for any real estate transaction that occurred during the Agreement period because she was not licensed or in compliance with chapter 18.85 RCW when the Agreement was executed.

Greenlee appeals.

II.

This is an appeal from an order granting summary judgment. Our review is de novo and we engage in the same inquiry as the trial court. Marquis v. City of Spokane, 130 Wn.2d 97, 104-05, 922 P.2d 43 (1996). Summary judgment is proper when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. CR 56(c); Ranger Ins. Co. v. Pierce County, 164 Wn.2d 545, 552, 192 P.3d 886 (2008). We "must view the evidence, and all reasonable inferences from the evidence, in the light most favorable to the nonmoving party, and the motion should be granted if a reasonable person could reach only one conclusion." Dunnington v. Virginia Mason Med. Ctr., 187 Wn.2d 629, 638, 389 P.3d 498 (2017).

A.

Greenlee argues that she is entitled to a real estate commission because she did not provide brokerage services before obtaining a Washington license. We disagree.

RCW 18.85.331 requires a real estate broker to be licensed in Washington before offering to perform a real estate transaction or procure a promise or contract for the payment of compensation for performing any real estate transaction:

> It is unlawful for any person to act as a real estate broker, managing broker, or real estate firm without first obtaining a license therefor, and otherwise complying with the provisions of this chapter.

> No suit or action shall be brought for the collection of compensation as a real estate broker, real estate firm, managing broker, or designated broker, without alleging and proving that the plaintiff was a duly licensed real estate broker, managing broker, or real estate firm before the time of offering to perform any real estate transaction or procuring any promise or contract for the payment of compensation for any contemplated real estate transaction.

The statute requiring a real estate broker to be licensed is penal and must be strictly construed. See Johnson v. Rutherford, 32 Wn.2d 194, 199, 200 P.2d 977 (1948) (citing Salisbury v. Alskog, 144 Wash. 88, 256 P. 1030 (1927)).

Chapter 18.85 RCW does not define "real estate transaction." The statute does, however, define "real estate brokerage services" to mean:

> any of the following services offered or rendered directly or indirectly to another, or on behalf of another for compensation or the promise or expectation of compensation, or by a licensee on the licensee's own behalf:
> . . . .
> b) Negotiating or offering to negotiate, either directly or indirectly, the purchase, sale, exchange, lease, or rental of real estate, or any real property interest therein.

RCW 18.85.011(17)(b).

Under the Agreement, Greenlee agreed to "negotiate at [Brooke's] direction to obtain acceptable terms and conditions for the purchase, exchange, sale, option or lease of the Properties" owned by Brooke. On its face, the Agreement meets the definition of a real estate brokerage service because Greenlee agreed to negotiate the sale or purchase of Brooke's property.

Because the Agreement constitutes "real estate brokerage services," Greenlee needed to be licensed before executing the Agreement under RCW 18.85.331. The Agreement was entered on June 7, 2019. Greenlee did not obtain her Washington license until February 18, 2020. RCW 18.85.331 specifically says that "[n]o suit or action shall be brought for the collection of compensation as a real estate broker . . . without . . . proving that the plaintiff was a duly licensed real estate broker . . . before the time of offering to perform any real estate transaction or procuring any promise or contract for the payment of compensation for any contemplated real estate transaction."

-5-

Under the Agreement, Greenlee offered to perform real estate transactions for Brooke for compensation, but did not have a Washington license. Greenlee failed to meet the requirements of RCW 18.85.331.

B.

Greenlee also argues that she complied with the exception to the Washington license requirement because she was licensed in Arizona when the Agreement was entered. We disagree.

Under RCW 18.85.131(1), an out-of-state licensee may provide commercial real estate brokerage services in Washington, "provided that the out-of-state licensee, as approved by the director, does all of the following": (1) associates with a Washington licensed real estate broker, (2) agrees to follow Washington law, (3) furnishes a copy of the out-of-state license in good standing, (4) consents to jurisdiction in the state for any legal actions arising out of their conduct, and (5) includes the name of the Washington broker on all advertising.

Greenlee offers no evidence that she complied with any of the requirements of RCW 18.85.131(1) before entering the Agreement. Nor does she offer evidence that she was approved by the director. Instead, Greenlee contends that because the Agreement was merely "a promise of receiving a fee," she did not need a Washington license when she entered into the Agreement. But the Agreement was not merely a promise of receiving a fee. Instead, as discussed above, executing the Agreement itself was providing a brokerage service.

Greenlee's argument that the purpose of entering into this Agreement was to encourage her to obtain a Washington license does not change the analysis. There is

-6-

no dispute of material fact that Greenlee did not meet the requirements of either RCW 18.85.331 or RCW 18.85.131 before entering into the Agreement. The trial court did not err in granting summary judgment and dismissing Greenlee's breach of contract claim because she was prohibited from recovery under chapter 18.85 RCW.

We affirm.

_____Mann, J._____

WE CONCUR:

_____Chung, J._____        _____Coburn, J._____